DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted appellee's motion for summary judgment with respect to appellant's negligence claim. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Margaret Smalley sets forth the following as her sole assignment of error:
 {¶ 3} "The trial court erred when it concluded that reasonable minds could not disagree about whether the plaintiff-appellant's age was a proximate cause of her fall on the staircase of the residence she leased from the defendant-appellee, and whether the handrail required by law would have prevented her fall and injuries."
 {¶ 4} The undisputed facts that are relevant to the issues raised on appeal are as follows. Appellant was 72 years old on June 8, 2002, when she fell on the stairs leading to the apartment she has rented from appellee for nearly 20 years. Appellant's apartment has two entrances, one in the back which has a handrail on the steps leading to her back door, and one in the front of the building, which has five steps and no handrail. It is not disputed that approximately ten years before the fall, appellant spoke to appellee about the possible safety hazard that existed due to the lack of a handrail at the front entrance. The fall occurred at about 4:00 p.m. on a dry, sunny day as appellant climbed the steps to her front door with a small bag in one hand and nothing in the other. As a result of the fall, appellant sustained injuries that included a broken back. On June 20, 2003, appellant filed a complaint in which she alleged that 1) appellee was in violation of Toledo Municipal Code 1745.12(b), which requires all owner-occupants to provide a handrail on any set of steps containing more than four risers; 2) because there was no handrail, appellant had nothing to support her when she slipped on the stairs; 3) appellee was negligent by failing to provide a handrail; 4) appellee failed to warn his tenants and others of a dangerous condition; 5) appellee was negligent and/or created and maintained a hazard by allowing a dangerous condition to exist with total disregard to others, who had the right to expect him to exercise reasonable care in the maintenance and control of the premises; and 6) as a direct and proximate result of appellee's negligence, appellant suffered severe and permanent injuries.
 {¶ 5} Appellee filed an answer, discovery was had, and on January 15, 2004, appellee moved for summary judgment. In support of his motion, appellee presented two arguments. First, appellee asserted that the lack of a handrail on the front stairs was an open and obvious condition and that, as such, he was under no duty to provide a handrail. Second, appellee asserted that appellant could not identify the cause of her fall and therefore could not establish proximate cause. In response, appellant argued that because Ohio law required appellee to provide a handrail by the front steps, the violation of that duty constitutes negligence per se, and that she should not be required to show that the lack of a handrail caused her fall.
 {¶ 6} On March 22, 2004, the trial court granted summary judgment in favor of appellee. The trial court first considered appellee's argument that there was an absence of any evidence that the lack of a handrail was the proximate cause of appellant's injuries, and found that issue to be dispositive of the motion for summary judgment. In so doing, the trial court acknowledged Ohio case law which has established that a violation of a statute which creates a specific duty constitutes negligence per se, but noted that in order to recover for injuries a plaintiff also must establish that the defective condition was the proximate cause of those injuries. The trial court found that there was no evidence before the court that the presence of a handrail would have prevented the fall and granted summary judgment in appellee's favor.
 {¶ 7} On appeal, appellant presents the same arguments as those raised in her response to appellee's motion for summary judgment. Appellant asserts that there is a question as to causation, which can only properly be determined by a jury.
 {¶ 8} In reviewing a motion for summary judgment, an appellate court must apply the same standard of law as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. As such, summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C) . The appellate court is required to do a de novo review, Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 1996 Ohio 336, and must independently examine the evidence, without deference to the trial court's determination, to determine if summary judgment is warranted. Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378, 383.
 {¶ 9} This court has thoroughly reviewed the trial court's record in this matter, including appellant's deposition testimony. It is noteworthy that appellant stated that she did not know what caused her to lose her balance and fall. She did not testify that if there had been a handrail she would have used it and thereby would have been able to prevent her fall. We further note appellant's testimony that she walked without any type of assistance throughout her neighborhood, lived independently, and had available to her another entrance to her apartment which had a handrail by the stairs. Appellant testified at deposition that she may have fallen because one of her knees "gave out" and further stated that she simply lost her balance.
 {¶ 10} Upon review of the record and the applicable law, this court agrees with the trial court's reasoning and conclusion. It is clear that under Ohio law a violation of a statute which sets forth specific duties constitutes negligence per se. SeeShroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20. But, as the court in Shroades stated, "* * * in addition to negligence per se, proximate cause for the injuries sustained must be established." Id. at 25. The trial court in the case before us cited Renfroe v. Ashley (1958), 167 Ohio St. 472, which arose from an action brought by a tenant who claimed that the injuries she sustained in a fall were caused by the fact that her landlord had not installed a handrail as required by statute. Upon considering whether the trial court had correctly granted the landlord's motion for a directed verdict in Renfroe, the Supreme Court of Ohio stated as follows:
 {¶ 11} "Why plaintiff `slipped or tripped' is left to conjecture, and whether in the circumstances the presence of a handrail would have prevented the fall is of too speculative a nature to leave to a jury's guess. * * *
 {¶ 12} "Moreover, if we assume that a defendant was subject to the handrail statute and was negligent as a matter of law in not providing a handrail, the testimony given by plaintiff was too meager and inclusive to support a finding that such negligence was the direct or proximate cause of plaintiff's unfortunate mishap. It need hardly be added that in order to recover for a negligent act it is essential to show that it was a proximate cause of the result complained of." Id. at 475.
 {¶ 13} There simply is nothing in the record of this case to support the argument that the lack of a handrail caused appellant to fall and, accordingly, we find that a determination of proximate cause in this case would require conjecture and speculation, both cautioned against by the Renfroe court. This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, we find that there exists no genuine issue of material fact and that, when construing the evidence that was before the trial court most strongly in favor of appellant, reasonable minds can only conclude that appellee is entitled to summary judgment as a matter of law. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 14} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Singer, J., concur.