DECISION AND JUDGMENT ENTRY
{¶ 1} This case comes to us from a judgment issued by the Lucas County Court of Common Pleas granting summary judgment in favor of appellee Patrick Dennis and denying appellant Ali Mahmoud's motion for relief from judgment. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} The undisputed facts relevant to the issues on appeal are as follows. On June 18, 2000, appellant Zeinab Mahmoud was injured when she fell at the bottom of the stairs leading to the basement of the home her son Ali Mahmoud rented from appellee Patrick Dennis. On June 17, 2002, Zeinab Mahmoud and her husband Mohamad filed a personal injury action against Dennis. Dennis filed a timely answer. On April 10, 2003, Dennis filed a third-party complaint against Ali Mahmoud alleging breach of lease and seeking indemnification. Ali Mahmoud did not file an answer and on July 16, 2003, Dennis filed a motion for default judgment which the trial court granted on July 29, 2003. Ali Mahmoud filed a motion for relief from judgment on July 30, 2003. On February 27, 2004, Dennis filed a motion for summary judgment in regard to the claims of Zeinab and Mohamad Mahmoud.
 {¶ 3} On July 11, 2004, the trial court filed its opinion and judgment entry in which it denied Ali Mahmoud's motion for relief from judgment and granted summary judgment in favor of Dennis. It is from that judgment that Mr. and Mrs. Mahmoud and Ali Mahmoud separately appeal.
 {¶ 4} Appellants Zeinab and Mohamad Mahmoud set forth one assignment of error in which they assert that the trial court erred by granting Dennis' motion for summary judgment. Third-party defendant/appellant Ali Mahmoud sets forth a single assignment of error in which he asserts that the trial court erred by denying his motion for relief from judgment.
 {¶ 5} In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129, 572 N.E.2d 198. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 6} Additionally, a ruling by a trial court on a Civ.R. 60(B) motion to vacate will be upheld on appeal absent an abuse of discretion. MarionProd. Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265, 271.
 {¶ 7} In considering appellants' assignments of error and supporting arguments pursuant to the standards of review set forth above, this court examined the record of this case, all applicable and relevant law, and the decision of the trial court. After doing so, we conclude that the trial court correctly considered the pertinent facts and issues in dispute, correctly applied the law to the facts, and rendered judgment accordingly as to appellee Dennis' motion for summary judgment and as to appellant Ali Mahmoud's motion for relief from judgment. Accordingly, we find first that summary judgment was properly granted in favor of appellee Patrick Dennis and second that the trial court did not abuse its discretion by denying Ali Mahmoud's motion for relief from judgment. We, therefore, adopt the well-reasoned decision of the Honorable Charles J. Doneghy as our own. (See Mahmoud, et al. v. Dennis (June 11, 2004), Lucas C.P. No. CE0200203482, attached hereto as Appendix A.)
 {¶ 8} Appellants' assignments of error are therefore found not well-taken. On consideration whereof, this court finds that substantial justice has been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal for which sum judgment is rendered against appellants on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Glasser, J., concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
APPENDIX