NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,

v.

AMERICAN HERITAGE HOMES CORPORATION, Appellant;

R & R Drainworks, Inc., Appellee.

[Cite as *Nationwide Mut. Ins. Co. v. Am. Heritage Homes Corp.,* 167 Ohio App.3d 99, 2006-Ohio-2789.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–05–54.

Decided June 5, 2006.

Glen H. Garrett, for appellant Nationwide Mutual Insurance Company.

W. Charles Curley and Brian Tackett, for appellant American Heritage Homes Corporation.

Bruce A. Curry, for appellee.

---

Rogers, Judge.

{¶ 1} Plaintiff-appellant, Nationwide Mutual Insurance Company ("Nationwide"), and defendant-appellant, American Heritage Homes Corporation ("American Heritage"), jointly referred to as "appellants," appeal a judgment of the Union County Court of Common Pleas granting summary judgment to defendant-appellee, R & R Drainworks Inc. ("R & R"). On appeal, appellants assert that the trial court erred in granting summary judgment to R & R because there exists a genuine issue of material fact. Additionally, Nationwide asserts that the trial court erred in denying a stipulated motion for an extension of time for

Nationwide to file its motion in opposition to R & R's motion for summary judgment. Finding that a genuine issue of material fact exists as to whether R & R had a duty to install a noncombustible sealant, we reverse the judgment of the trial court.

{¶ 2} In early 2001, Steven and Mindy Westlake contracted with American Heritage to construct a new home at 17768 Woodview Drive in Marysville, Ohio. American Heritage subcontracted the installation of all water and gas plumbing to R & R. American Heritage subcontracted the installation of a fireplace to Gary Hoy; however, it was R & R that installed the natural gas line to the log lighter in the fireplace.

{¶ 3} In March of 2004, Mindy Westlake started a fire in the fireplace. According to Mindy, as usual, she placed wood logs inside the fireplace and ignited the logs with the gas log lighter. The gas log lighter was to be left on for five to fifteen minutes, while the logs ignited, and then shut off. After Mindy turned off the gas log lighter, the Westlakes' dog began barking. Mindy then looked outside and saw that the vinyl siding on the house was glowing on the north side of the chimney enclosure. Shortly thereafter, flames began shooting out of the side of the house and the vinyl siding began to melt. Mindy called 911, reported the fire, and then safely exited the house.

{¶ 4} The fire caused extensive damage to the Westlakes' home, which they reported to their insurance carrier, Nationwide. Subsequently, Nationwide paid the Westlakes over $400,000 for their fire damage claim.

{¶ 5} In December 2004, Nationwide filed a subrogation action against American Heritage, R & R, and Gary Hoy of Hamilton Park. In its complaint, Nationwide asserted that R & R was negligent and breached its implied duty of workmanlike construction when installing the gas plumbing in the Westlakes' home. Subsequently, American Heritage filed a cross-claim against R & R and Hamilton Park.

{¶ 6} On September 12, 2005, R & R filed a motion for summary judgment. On September 22, 2005, Nationwide filed a stipulated motion for a 14–day extension for it to file a motion in opposition to R & R's motion for summary judgment. The trial court never ruled upon Nationwide's motion for an extension of time.

{¶ 7} On September 26, 2005, Nationwide timely submitted its motion in opposition to R & R's motion for summary judgment. In support of the parties' motions, several depositions and exhibits were filed. On September 27, 2005, the trial court granted R & R's motion for summary judgment against Nationwide. Subsequently, the trial court granted R & R's motion for summary judgment against American Heritage in an entry nunc pro tunc. In November of 2005,

Nationwide filed a voluntary motion of dismissal against all remaining defendants. Subsequently, appellants filed their notices of appeal, presenting the following assignments of error for our review.

### Nationwide Assignment of Error No. I

The trial court erred in granting Appellee's motion for summary judgment where genuine issues of material fact exist as to whether Appellee—the contractor that installed the natural gas plumbing in a home that less than three years later was destroyed by a catastrophic fire caused by a leak in the natural gas plumbing—was negligent in installing the natural gas plumbing.

### Nationwide Assignment of Error No. II

The trial court abused its discretion in denying Appellant and Appellee's Agreed Motion for Extension of Time to File Plaintiff's Opposition to Defendant R & R Drainworks' Motion for Summary Judgment. The requested fourteen-day extension was warranted because recent witness deposition transcripts were not yet available, the short extension would not delay the trial or any other dates in the case schedule, the Appellee's counsel agreed to the extension.

### American Heritage Assignment of Error No. I

The trial court erred in granting Appellee R & R Drainworks' motion for summary judgment [Decision and Judgment Entry dated September 27, 2005; *Nunc Pro Tunc* Entry of October 11, 2005].

### Nationwide Assignment of Error No. I & American Heritage Assignment of Error No. I

{¶ 8} In Nationwide's and American Heritage's first assignments of error, appellants assert that the trial court erred in granting R & R's motion for summary judgment. Specifically, appellants assert that summary judgment should not have been granted because there exists a genuine issue of material fact. Because these assignments of error are interrelated, we will address them together.

{¶ 9} An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.* (1999), 131 Ohio App.3d 172, 175, 722 N.E.2d 108. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, 774 N.E.2d 775, at ¶ 25, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69

Ohio St.3d 217, 222, 631 N.E.2d 150. Summary judgment is appropriate when, looking at the evidence as a whole, (1) there is no genuine issue as to any material fact, (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138.

{¶ 10} The party moving for the summary judgment has the initial burden of producing some evidence that affirmatively demonstrates the lack of a genuine issue of material fact. *State ex rel. Burnes v. Athens Cty. Clerk of Courts* (1998), 83 Ohio St.3d 523, 524, 700 N.E.2d 1260; see, also, *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.

{¶ 11} In the case sub judice, appellants assert that summary judgment was improper because there exists a genuine issue of material fact as to whether R & R was negligent in its installation of the gas plumbing line in the Westlakes' home. Specifically, appellants assert that there exists a genuine issue of material fact as to whether R & R was negligent in properly supporting the gas log lighter pipefitting and whether R & R failed to use a noncombustible sealant between the gas line and the fireplace.

{¶ 12} It is well settled that the elements of an ordinary negligence suit between private parties are (1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury "resulting proximately therefrom." *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265. " 'Duty, as used in Ohio tort law, refers to the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care toward the plaintiff.' " *Wallace v. Ohio Dept. of Commerce, Div. of State Fire Marshal,* 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, at ¶ 23, citing *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St.3d 96, 98, 543 N.E.2d 1188. According to the Ohio Supreme Court, "the existence of a duty depends upon the foreseeability of harm: if a reasonably prudent person would have anticipated that an injury was likely to result from a particular act, the court could find that the duty element of negligence is satisfied." Id., citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 271.

{¶ 13} Upon review of the record, it is clear that there is a genuine issue of material fact as to whether R & R, as the installer of the gas plumbing in the

Westlakes' home, had a duty to use a noncombustible sealant between the gas line for the log lighter and the fireplace.

{¶ 14} Genevieve Bures, a fire investigator retained by Nationwide, testified that she had inspected the Westlakes' home following the March 2004 fire. Bures testified that she inspected the Westlakes' home on two separate occasions, April 6, 2004, and April 29, 2004. Based upon Bures's investigation of the Westlakes' home, she opined that the fireplace was installed incorrectly, that there was a leak in the gas line of the gas log lighter, which was used to ignite logs in the fireplace, and that the ignition of that escaping gas caused the March 2004 fire. Bures testified that the national fire code and the manufacturer's installation manual both required that two sealants be used for the installation of the fireplace and gas log lighter. Bures stated that a high temperature or noncombustible sealant was to be used on the pipes and that a steel wool insulation was be used around the pipes. According to Bures's testimony, neither the sealant nor the steel wool insulation were found in her investigation. Specifically, Bures stated that there would generally be a residue or marking left by the noncombustible sealant; however, she stated there were no markings or residue evident on the pipes.

{¶ 15} Additionally, Bures's final report regarding the fire at the Westlakes' home stated the following conclusions:

> Based on a physical inspection of the home involved in this fire, and after a careful evaluation of all remaining available evidence * * * it is my professional opinion that the prefabricated fireplace and prefabricated chimney at the Westlake home were improperly installed. That installation violated minimum fire code requirements and the manufacturer's specifications for installation. * * * The specific origin area for this fire was the combustible materials which constituted the chase surrounding the prefabricated fireplace. The specific cause of this fire was ignition of natural gas escaping from the gas supply line at the point where the elbow met the short horizontal pipe which was connected to the log lighter. The gas leak at the outer skin of the fireplace unit was ignited because the sealant and insulation required at the gas pipe had not been installed. The heat, sparks and flame were drawn from the firebox, igniting the escaping gas.

{¶ 16} Aron West, an R & R plumber, testified that he installed the gas plumbing in the Westlake home, which included the gas log lighter. West testified that he did use a steel wool insulation around the gas pipe going into the gas log lighter. West went on to state that he had never reviewed the installation manual for the gas log lighter and that he did not believe there was any type of high temperature or noncombustible sealant to be used on the gas pipes going into the gas log lighter.

{¶ 17} Based upon the testimony of Bures and West, there is a question of material fact as to whether R & R had a duty to seal the pipes with the noncombustible sealant and whether R & R had breached that duty. Essentially, Bures's testimony that the noncombustible sealant was required and that the lack of that sealant was a possible cause of the fire raises an issue as to a genuine triable fact, which R & R has failed to completely rebut. Therefore, having found that appellants have raised a genuine issue of material fact, we find that the trial court erred in granting summary judgment. Accordingly, Nationwide's and American Heritage's first assignments of error are sustained.

### *Nationwide Assignment of Error No. II*

{¶ 18} In its second assignment of error, Nationwide asserts that the trial court abused its discretion by denying Nationwide's agreed-upon motion for an extension of time. Based on the foregoing, it is unnecessary for this court to address this assignment of error. Pursuant to App.R. 12(A)(1)(c), Nationwide's second assignment of error has been rendered moot.

{¶ 19} Having found error prejudicial to the appellants herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

SHAW and CUPP, JJ., concur.