OPINION
{¶ 1} Appellant, Mike's Trucking, Ltd., appeals from a summary judgment rendered against it and in favor of appellee, Four-O Corporation dba Oil Distributing Company, with respect to appellant's actions for negligent misrepresentation and fraud, and appellee's action *Page 2 
on an account.[1]
 {¶ 2} Appellant operates a number of diesel engine dump trucks that haul such things as gravel, sand, and mulch. The company is owned by Mike Culbertson, and its offices are located in Madison County, Ohio. Appellee operates an oil distribution company located in Grove City in Franklin County, Ohio. From 1999 to 2003, appellee supplied bulk oil to appellant.
 {¶ 3} On December 30, 2004, appellee filed a complaint in the Franklin County Municipal Court alleging that appellant owed it $3,359.66 for oil that appellee had provided to appellant pursuant to their agreement. Appellee also alleged that it was entitled to possession of certain equipment that appellant had put up as collateral to secure appellant's obligations under the parties' agreement.
 {¶ 4} On January 18, 2005, appellant filed a complaint in the Madison County Court of Common Pleas alleging that: (1) appellee negligently represented that the oil appellee sold to appellant would last at least 13,000 miles between oil changes, but the oil "broke down and lost its lubricating ability" well before 13,000 miles, and (2) appellee "intentionally or without regard for its acts" substituted what appellant insists was an inferior oil, later identified as Quaker State oil, for the Shell Fleet oil that appellant was expecting to receive, and that this inferior oil could not last 13,000 miles between oil changes as appellee had promised. As to both claims, appellant argued that it justifiably relied on appellee's negligent or intentional representations regarding the oil, and suffered damages to its vehicles and a loss of income as a result.
 {¶ 5} In March 2005, appellee's action on an account filed in the Franklin County Municipal Court was transferred to the Madison County Court of Common Pleas. On June *Page 3 
15, 2005, appellee's action on an account and appellant's actions for negligent and intentional misrepresentation were consolidated by way of an agreed entry.
 {¶ 6} On October 24, 2006, appellee moved for summary judgment in its favor as to all claims between the parties, and appellant responded with a memorandum contra. On December 29, 2006, the trial court granted appellee summary judgment on all claims between the parties.
 {¶ 7} Appellant now appeals, raising the following assignment of error:
 {¶ 8} "THE TRIAL COURT INAPPROPRIATELY GRANTED A SUMMARY JUDGMENT SINCE WHERE THERE IS A QUESTION OF CREDIBILITY OF A WITNESS IT CAN ONLY BE RESOLVED BY THE TRIER OF FACT AND IS NOT APPROPRIATE FOR A SUMMARY JUDGMENT."
 {¶ 9} Appellant argues that the trial court erred in granting appellee summary judgment as to all claims between the parties because the court failed to view the evidence and any inference that could be drawn from it in a light most favorable to appellant as the nonmoving party. We disagree with this argument.
 {¶ 10} An appellate court reviews a grant of summary judgment de novo, and without deference to the trial court's ruling. Burgess v.Tackas (1998), 125 Ohio App.3d 294, 296. A court may grant summary judgment to the moving party only if that party demonstrates that: (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence submitted that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in its favor. Civ.R. 56(C);Welco Industries, Inc. v. Applied Cos., 67 Ohio St.3d 344, 346,1993-Ohio-191.
 {¶ 11} In deciding a motion for summary judgment, the trial court must view the *Page 4 
evidence in the record, as well as the inferences to be drawn from the underlying facts contained in the evidence, in the light most favorable to the nonmoving party. Turner v. Turner, 67 Ohio St.3d 337, 341,1993-Ohio-176. The moving party has the burden of establishing the nonexistence of a genuine issue of material fact. Morris v. Ohio Cas.Ins. Co. (1988), 35 Ohio St.3d 45, 47.
 {¶ 12} When a motion for summary judgment is made and supported as provided in Civ.R. 56, "an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered, against the party." Civ.R. 56(E).
 {¶ 13} Appellant's first claim for relief sounds in negligent misrepresentation, and its second, in intentional misrepresentation or fraud. The tort of "negligent misrepresentation" has been defined as follows:
 {¶ 14} "`(1) One who * * * supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
 {¶ 15} "`(2) * * * [T]he liability stated in Subsection (1) is limited to loss suffered
 {¶ 16} "`(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
 {¶ 17} "`(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.'" Haddon View Inv. Co. v.Coopers Lybrand (1982), 70 Ohio St.2d 154, 156, fn. 1, citing 3 *Page 5 
Restatement of Torts 2d, 126-127, Section 552.
 {¶ 18} The elements of fraud are:
 {¶ 19} "`(a) a representation or, where there is a duty to disclose, concealment of a fact,
 {¶ 20} "`(b) which is material to the transaction at hand,
 {¶ 21} "`(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 {¶ 22} "`(d) with the intent of misleading another into relying upon it,
 {¶ 23} "`(e) justifiable reliance upon the representation or concealment, and
 {¶ 24} "`(f) a resulting injury proximately caused by the reliance.'"Cohen v. Lamko, Inc. (1984), 10 Ohio St.3d 167, 169, quotingFriedland v. Lipman (1980), 68 Ohio App.2d 255, paragraph one of the syllabus.
 {¶ 25} To avoid having summary judgment rendered against it in this case, appellant was required "to set forth specific facts showing that there is a genuine issue for trial" as to whether the damages appellant allegedly suffered were caused by its justifiable reliance on appellee's allegedly negligent or intentional misrepresentations regarding the oil appellee sold to appellant. Civ.R. 56(E); see, also, Haddon View Inv.Co.; Cohen; and Welco Industries, Inc., 67 Ohio St.3d at 346.
 {¶ 26} Appellant argues that Mike Cubertson's affidavit, along with the deposition testimony of appellee's part-time mechanic, Ken Foster, were sufficient to demonstrate the existence of a genuine issue of material fact regarding its negligent misrepresentation and fraud claims. We disagree with this argument.
 {¶ 27} The only evidence that appellant relies upon to support its intentional misrepresentation or fraud claim — i.e., appellee, without informing appellant of its intent to do *Page 6 
so, replaced the Shell Fleet oil that appellant was expecting to receive, with Quaker State oil, which appellant insists is an inferior brand of oil — is an interoffice memorandum between several of appellee's employees. The memorandum, which is dated April 9, 2003, states in relevant part:
 {¶ 28} "Per Doug Oehler
 {¶ 29} "Shell Fleet 15w40 is being phased out. Please continue to use our current supply of Shell Fleet until we are out (this includes totes and drums). Once we are out, begin using QS [Quaker State] HDX 15w40 and labeling it Shell Fleet."[2]
 {¶ 30} Attached to appellee's motion for summary judgment was the affidavit of Doug Oehler, who is appellee's part-owner and acting president. Oehler's affidavit states in relevant part that "Shell Fleet Oil was never phased out and is still available[,]" and that Shell Fleet was the only oil that appellee ever delivered to appellant.
 {¶ 31} Appellant argues that there is a clear conflict between the April 9, 2003 interoffice memorandum and Oehler's affidavit, and this conflict should have precluded the trial court from awarding appellee summary judgment as to appellant's fraud claim. Citing the principle that in summary judgment proceedings, the evidence and any inference that can be drawn from it must be construed in a light most favorable to the nonmoving party, appellant asserts that this court is obligated to infer from the interoffice memorandum that appellee did, in fact, run out of Shell Fleet oil and substituted Quaker State oil in its place. We find this argument unpersuasive.
 {¶ 32} First, it cannot be inferred from the interoffice memorandum that appellee actually did run out of Shell Fleet oil and began substituting Quaker State oil in its place. The *Page 7 
memorandum states merely that appellee's employees were to use Shell Fleet oil until their supplies of it ran out, and once they ran out, they were to begin using Quaker State oil, labeling it as Shell Fleet. Appellant never presented any evidence regarding whether or when appellee's supplies of Shell Fleet ran out, and the only evidence presented on this question came from Oehler's affidavit, which stated that appellee did not run out of Shell Fleet, and that Shell Fleet was the only oil ever delivered to appellant.
 {¶ 33} Consequently, appellant's contention that a genuine issue of material fact exists as to whether appellee delivered to appellant Quaker State oil rather than Shell Fleet oil is based on appellant'sspeculation rather than an inference that can be drawn from the evidence presented. It is well settled that such speculation is insufficient to create a genuine issue of material fact for summary judgment purposes. See Mahmoud v. Dennis, Lucas App. No. L-04-1185, 2005-Ohio-3610.
 {¶ 34} As a result, appellant failed to demonstrate the existence of a genuine issue of material fact regarding whether appellee ever delivered to appellant Quaker State oil rather than Shell Fleet oil. The only evidence in the record as to this issue shows that appellee never delivered Quaker State oil to appellant, and, therefore, appellant cannot maintain its fraud claim against appellee.
 {¶ 35} As to appellant's first claim for relief — i.e., appellee negligently misrepresented that the oil appellee sold to appellant would last at least 13,000 miles between oil changes-the evidence in the record shows that appellant did not rely on this representation. Appellant has no records showing that it changed the oil in its trucks every 13,000 miles. In fact, several of appellant's records show that a number of appellant's trucks did not receive oil changes every 13,000 miles, and in some cases, the oil was not changed in appellant's trucks for a much longer duration than every 13,000 miles. *Page 8 
 {¶ 36} Additionally, appellant's owner, Mike Culbertson, and mechanic, Ken Foster, acknowledged in their depositions that engine failures can result from many things other than breakdowns in the engine's oil. It was appellant's burden to show that the damages to their trucks' engines resulted from the allegedly defective oil that appellee provided to it. However, appellant never preserved any of the parts that were alleged to have been damaged by the allegedly defective oil, nor did appellant take any photographs of the defective parts.
 {¶ 37} In light of these circumstances, we conclude that even when the evidence is viewed in a light most favorable to appellant as the nonmoving party, appellee has met its burden of showing that there is no genuine issue of material fact remaining to be litigated; therefore, the trial court did not err by awarding appellee summary judgment as to all claims between the parties.
 {¶ 38} Appellant's sole assignment of error is overruled.
 {¶ 39} Judgment affirmed.
YOUNG, P.J. and BRESSLER, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.
[2] The memorandum was sent from someone named "Larry" to persons named "John" and "Brent." It appears that these three persons were employees of appellee. *Page 1