[Cite as *Lyle v. PK Mgt., L.L.C.*, 2010-Ohio-2161.]


# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HANCOCK COUNTY


EVELYN LYLE,

    PLAINTIFF-APPELLANT,            CASE NO. 5-09-38

    v.

PK MANAGEMENT, LLC., ET AL.,        O P I N I O N

    DEFENDANTS-APPELLEES.


**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 09-CV-126**

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision: May 17, 2010**


APPEARANCES:

    *William E. Clark* for Appellant

    *Russell W. Porritt, II* for Appellees

**ROGERS, J.**

{¶1} Plaintiff-Appellant, Evelyn Lyle, appeals the judgment of the Court of Common Pleas of Hancock County granting summary judgment in favor of Defendants-Appellees, PK Management, LLC, and KB Portfolio, LLC (jointly referred to as "Appellees"). On appeal, Lyle argues that the trial court erred by not adhering to the appropriate standard of review for summary judgment motions; by granting summary judgment in favor of Appellees on the issue of proximate cause; by failing to find common law negligence on behalf of Appellees; and, by failing to address her viable claim for statutory negligence under the Landlord-Tenant Act. Based upon the following, we reverse the judgment of the trial court granting summary judgment to Appellees on Lyle's statutory negligence claim, but affirm the judgment of the trial court granting summary judgment to Appellees on Lyle's common law negligence claim.

{¶2} In June 2008, Lyle was a tenant at Findlay Senior Towers in Findlay, Ohio, which was owned by KB Portfolio, LLC, and managed by PK Management, LLC, when she tripped in a hallway, fell, and was injured.

{¶3} In February 2009, Lyle filed a complaint against Appellees, alleging that they negligently and in violation of the Landlord-Tenant Act failed to maintain the common areas of Senior Towers, and that Appellees' negligence

caused her to fall and sustain serious and permanent personal injuries, to incur medical expenses, and to suffer extreme pain.

{¶4} In March 2009, Appellees answered, denying Lyle's allegations and asserting as affirmative defenses, in part, that there was no proximate cause existing between its acts or omissions and Lyle's injuries and damages; that Lyle's injuries and damages were caused in whole or in part by her own negligence and/or contributory/comparative negligence; that they were never notified about a defect on the premises where the injury allegedly occurred; that the condition of the premises was open and obvious; and, that Lyle had traversed the area previously and was aware of the condition of the premises.

{¶5} In July 2009, Lyle was deposed and stated that she lived at Senior Towers in Findlay, a dependent-living facility, from 2003 until mid-2008; that, in mid-2008, she fell in a hallway located off the lobby of Senior Towers; that the lobby and hallway floor were tiled; that, in one area of the hallway, near the mailroom, some tiles were missing; that there was a resulting "big hole in the floor" (Lyle dep., p. 21); that she had been aware of the hole's presence for almost two years; that she did not remember how big the hole was, but that it was at least one foot in diameter; that "they had a little table like moved over the hole and another deal on it" (id. at p. 22); that the table covered part of the hole; that she did not know how deep the hole was, but that it was deeper than the height of a tile;

that "the old tile had raised up" (id. at p. 23); that she did not know if there was an orange pylon, or cone, in the vicinity of the hole; that, on the day she fell, she had purchased groceries, returned to Senior Towers, and pushed her cart with her groceries into the hall where she stopped it near the table by the mail room; that she left her cart, walked past the hole and mailroom, and went down the hall to the secretary's office; that she recalled looking at the hole on the day of the fall; that she then returned to her cart and decided to check her mailbox; that she turned or "flipped" around and immediately fell and hit her head on the mailbox (id. at p. 43); that she did not take any steps before falling; that she was not standing in the hole when she turned around; that she "got [her] foot caught somehow or other and in the tile or whatever it was," did not "know what the heck was there," and "got [her] foot caught in this and [she] went down" (id. at p. 45); that, when asked "how do you know that you fell in the hole or tripped on the hole?", responded "how else would I fall?"; that "I fell over the hole. I know I fell over the hole from where I was at. I know that" (id. at p. 46); that she fell forward with her arms folded across her chest; that she did not remember hitting her head on the mailbox, but that she "hit before [she] hit the floor" (id. at p. 49); that she lost consciousness on the floor; that she was transported by ambulance to Blanchard Valley Hospital and learned she had suffered a broken hip as a result of the fall; that she had to learn how to walk again and required a walker after the fall; that

her doctors told her she could no longer drive due to her injuries; and, that she suffered from back pain and has had difficulty holding a pencil and writing since the fall.

{¶6} In August 2009, Appellees filed a motion for summary judgment arguing that, in light of the evidence, Lyle's common law negligence claim was barred by the open and obvious doctrine; that, alternatively, Lyle's knowledge of the condition of the premises on the day of her fall was superior or at least equal to that of Appellees; and, that Lyle was unable to demonstrate proximate cause between the failure to maintain the floor and her fall.

{¶7} In November 2009, the trial court granted Appellees' motion for summary judgment finding that "(1) on a common law theory of negligence, the condition that the plaintiff claims caused the injury was open and obvious; and (2) on any theory of negligence, the plaintiff has failed to produce any evidence of proximate cause." (Nov. 2009 Decision and Judgment Entry, p. 5). In a very thorough judgment entry, the trial court reasoned that Lyle's claim under common law negligence was barred because her deposition demonstrated that she had seen the hole many times over a two-year period, including on the day of the injury; that the hole was both observable due to its appearance and actually observed by Lyle; that there was no evidence of any attendant circumstances that made the hole less visible; and, that, consequently, reasonable minds could only conclude that the

condition was open and obvious and liability was precluded on that basis. Additionally, the trial court reasoned that Lyle had also failed to demonstrate any genuine issue of fact as to negligence per se under the Landlord-Tenant Act because she had not set forth any evidence to establish proximate cause. Instead, the trial court found that Lyle's deposition indicated that she did not know how she fell, based on her statements that she was not standing in the hole when she fell, she did not step into the hole, and she took no steps toward the hole. Consequently, the trial court concluded that Lyle's conclusion that she fell due to the hole was merely "guesswork" and insufficient to show proximate cause. (Nov. 2009 Decision and Judgment Entry, p. 10).

{¶8} It is from this judgment that Lyle appeals, presenting the following assignments of error for our review.

### *Assignment of Error No. I*

**THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY NOT ADHERING TO THE STANDARD OF REVIEW IN CONTEMPLATION OF A MOTION FOR SUMMARY JUDGMENT.**

### *Assignment of Error No. II*

**THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS ON THE ISSUE OF PROXIMATE CAUSE.**

*Assignment of Error No. III*

**THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY FAILING TO FIND COMMON LAW NEGLIGENCE ON BEHALF OF DEFENDANTS.**

*Assignment of Error No. IV*

**THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY FAILING TO ADDRESS PLAINTIFF-APPELLANT'S VIABLE CLAIM FOR NEGLIGENCE PER SE.**

**{¶9}** Due to the nature of Lyle's arguments, we elect to address her assignments of error in a different order than presented in her brief, and to address her first and second assignments of error together, preceded by a brief discussion of common law and statutory negligence.

*Common Law and Statutory Negligence*

**{¶10}** Plaintiff-tenants seeking to establish negligence claims against defendant-landlords may do so under (1) common law premises liability, or (2) R.C. 5321 et seq., commonly referred to as the Landlord-Tenant Act. *Mounts v. Ravotti*, 7th Dist. No. 07 MA 182, 2008-Ohio-5045, ¶¶15-17.

**{¶11}** The elements of a negligence action between private parties are (1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury "'resulting proximately therefrom.'" *Howard v. Chattahoochie's Bar*, 175 Ohio App.3d 578, 2008-Ohio-742, ¶13, quoting *Nationwide Mut. Ins. Co. v. Am. Heritage Homes Corp.*, 167 Ohio App.3d 99, 2006-Ohio-2789, ¶12.

{¶12} Additionally, the Landlord-Tenant Act governs the obligations of landlords, providing, in pertinent part:

> **(A)  A landlord who is a party to a rental agreement shall do all of the following:**
>
> **(1)  Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;**
>
> **(2)  Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;**
>
> **(3)  Keep all common areas of the premises in a safe and sanitary condition[.]**

R.C. 5321.04.  The Supreme Court of Ohio has held that "a landlord's violation of the duties imposed by R.C. 5321.04(A)(1) or 5321.04(A)(2) constitutes negligence per se."  *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, ¶23, citing *Sikora v. Wenzel*, 88 Ohio St.3d 493, 2000-Ohio-406.

*Assignment of Error No. IV*

{¶13} In her fourth assignment of error, Lyle argues that the trial court failed to appropriately address her statutory negligence claim pursuant to R.C. 5321.04, which required Appellees to keep the common areas of Findlay Senior Towers in a safe and sanitary condition.  Specifically, Lyle argues that the trial court mistakenly relied on the open and obvious doctrine, applicable to common law negligence claims, to dismiss her statutory negligence claim.  We disagree that

the trial court relied on the open and obvious doctrine to dispose of her statutory negligence claim.

**{¶14}** The Supreme Court of Ohio held in *Robinson* that "[t]he 'open and obvious' doctrine does not dissolve the statutory duty to repair[.]" 2006-Ohio-6362, at ¶25; see, also, *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, ¶15. Additionally, even where negligence per se can be demonstrated, a plaintiff must still show that the landlord's negligence proximately caused her injuries. *Smalley v. Pauly*, 6th Dist. No. L-04-1106, 2004-Ohio-6885, ¶10, citing *Shroades v. Rental Homes, Inc.* (1981), 68 Ohio St.2d 20, 25.

**{¶15}** Here, the trial court stated in its judgment entry that, "(1) on a common law theory of negligence, the condition that the plaintiff claims caused the injury was open and obvious; and (2) on any theory of negligence, the plaintiff has failed to produce any evidence of proximate cause." (Nov. 2009 Decision and Judgment Entry, p. 5). We find that the trial court's statement that, on "any theory of negligence, the plaintiff has failed to produce any evidence of proximate cause" demonstrates that the trial court properly considered Lyle's statutory negligence claim, and found that she had failed to produce any evidence of proximate cause in support of her statutory claim as required. See *Shroades*, 68 Ohio St.2d at 25. Additionally, the trial court specifically stated that it was applying the open and obvious doctrine to Lyle's common law theory of

negligence, and we do not find it apparent that the trial court also applied this doctrine to her statutory negligence claim.

{¶16} Accordingly, we overrule Lyle's fourth assignment of error.

*Assignments of Error Nos. I and II*

{¶17} In her first assignment of error, Lyle argues that the trial court erred by failing to use the appropriate standard of review in granting Appellees' motion for summary judgment. Specifically, Lyle contends that the trial court should have permitted the jury to decide the question of what caused her to fall, as this was a genuine issue of material fact in light of her deposition. Instead, Lyle suggests, the trial court improperly determined the credibility of the evidence in contravention of the requirements of Civ.R. 56(C). In her second assignment of error, Lyle argues that the trial court erred by granting summary judgment in favor of Appellees on the issue of proximate cause. Specifically, Lyle contends that the facts demonstrated that, but for the defective tiling and resulting hole in the floor, she would not have fallen, and, thus, but for Appellees' failure to maintain the premises, she would not have been injured; that her injury was foreseeable; and, that proximate cause was an issue of fact that should have been submitted to the jury.

{¶18} An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.* (1999), 131 Ohio App.3d 172, 175.

Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distr. Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶25, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Horton v. Harwick Chemical Corp.*, 73 Ohio St.3d 679, 686-687, 1995-Ohio-286. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95.

{¶19} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio-107. In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support its argument. Id. at 292. The nonmoving party must then rebut with specific facts showing the

existence of a genuine triable issue; she may not rest on the mere allegations or denials of her pleadings. Id.; Civ.R. 56(E).

**{¶20}** Here, Appellees' motion for summary judgment offered evidence demonstrating that Lyle was unable to demonstrate the proximate cause of her fall. Lyle counters that statements in her deposition gave rise to a genuine issue of material fact as to whether the Appellees' negligence proximately caused her to fall.

**{¶21}** Courts have held that a plaintiff-tenant did not produce evidence of proximate cause sufficient to overcome the defendant-landlord's motion for summary judgment in the following situations:

**{¶22}** In *Smalley*, supra, a plaintiff-tenant sued her defendant-landlord on a negligence per se theory after she fell on stairs leading to her apartment. The trial court granted summary judgment in favor of the landlord finding that the tenant's deposition demonstrated that she could not identify the cause of her fall because she had stated that "she did not know what caused her to lose her balance and fall" and that she may have fallen because her knee "gave out" and she lost her balance. The Sixth Appellate District affirmed, finding that, based on the deposition, determination of proximate cause would require conjecture and speculation on part of the jury, which the Supreme Court of Ohio cautioned against in *Renfroe v. Ashley* (1958), 167 Ohio St. 472.

{¶23} In *Mahmoud v. Dennis*, 6th Dist. No. L-04-1183, 2005-Ohio-3610, a plaintiff-guest sued the defendant-landlord after falling at her son's apartment. The plaintiff stated in her deposition that she had stepped in water in her son's basement, and then attempted to turn around and fell to the floor. She stated that she had no memory of what happened after the fall and could not remember anything else. The trial court granted summary judgment in the landlord's favor, and the Sixth Appellate District affirmed, finding that the plaintiff's evidence as to proximate cause was "so meager and inconclusive as to amount to speculation and conjecture[.]" 2005-Ohio-3610, at appendix, citing *Renfroe*, 167 Ohio St. 472, at syllabus.

{¶24} In contrast, this Court recently found in *Wood v. Crestwood Assoc., LLC*, 3d Dist. No. 1-09-37, 2010-Ohio-1253, that a plaintiff demonstrated evidence of proximate cause sufficient to overcome the defendant's motion for summary judgment where, although several of the plaintiff's deposition statements read in isolation appeared speculative, the deposition testimony as a whole demonstrated that proximate causation was not speculative, particularly when viewed in a light most favorable to the plaintiff as the nonmoving party according to Civ.R. 56(C). 2010-Ohio-1253, at ¶19. In *Wood*, the plaintiff stated in his deposition that he did not know at first what caused him to crash and fall from his bicycle, but then observed a groove in the road in the area where he fell and stated

that he *thought* the groove caused the crash, and then stated that the groove *was* the cause of the crash. Id. This Court noted that, like the trial court, the cold deposition transcript could not enable us to discern whether the plaintiff's statements were definitive or equivocal via observation of his voice inflections or facial gestures. Accordingly, this Court reasoned that, as Civ.R. 56(C) requires deposition testimony to be viewed in a light most favorable to the plaintiff as the nonmoving party, we could not conclude as a matter of law that his testimony concerning proximate cause was speculative. Additionally, this Court emphasized that, in determining whether a plaintiff has demonstrated the proximate cause of his or her injuries, a court should examine the deposition testimony *as a whole*, and not view any statement in isolation.

{¶25} We find the deposition testimony in the case sub judice more analogous to *Wood* than *Smalley* or *Mahmoud*, supra. Here, as in *Wood*, certain statements Lyle made in her deposition appear to speculate as to the cause of her fall. For example, Lyle stated that she turned around and immediately fell, but that she was not standing in the hole when she turned around, did not take any steps before falling, and did not step into the hole. Additionally, when asked how she knew that she fell in the hole or tripped on the hole, Lyle responded "how else would I fall?" When viewed in isolation, these statements would support the trial court's conclusion that Lyle's evidence of proximate cause was "guesswork" and

insufficient to defeat Appellees' motion for summary judgment. However, as emphasized in *Wood*, a court should not view statements in isolation, but should consider the deposition transcript as a whole. Here, Lyle went on to state in her deposition that she "got [her] foot caught somehow or other and [sic] in the tile or whatever it was," did not "know what the heck was there," and "got [her] foot caught in this and [she] went down" (Lyle dep. at p. 45). Further, Lyle stated that "I fell over the hole. I know I fell over the hole from where I was at. I know that" (id. at p. 46). Despite her prior speculative statements, we find that these latter statements do not allow us to conclude as a matter of law that her testimony *as a whole* was speculative as to proximate cause. This is particularly so given the requirement of Civ.R. 56(C) that we view the evidence in a light most favorable to Lyle as the nonmoving party. Therefore, we find that the trial court erred in granting Appellees' motion for summary judgment on Lyle's claims of negligence per se under the Landlord-Tenant Act because she had not set forth any evidence to establish proximate cause.

{¶26} Accordingly, we sustain Lyle's first and second assignments of error.

*Assignment of Error No. III*

{¶27} In her third assignment of error, Lyle argues that the trial court erred by failing to find common law negligence on behalf of Appellees. Specifically,

she argues that the hazard was not open and obvious because the hole was partially covered by a cart and not easily discernable by the naked eye, and because the rippling effect in the tile was not discernible at first glance.

{¶28} A common law negligence claim may be barred by the open and obvious doctrine, because "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶14; see, also, *Lang*, 122 Ohio St.3d 120, at ¶11 (holding that "when a plaintiff is injured by an open and obvious danger, summary judgment is generally appropriate because the duty of care necessary to establish negligence does not exist as a matter of law"). A hazard is open and obvious when it is in plain view and readily discoverable upon ordinary inspection. *Mohn v. Wal-Mart Stores*, Inc., 3d Dist. No. 6-08-12, 2008-Ohio-6184, ¶14, citing *Parsons v. Lawson Co.* (1989), 57 Ohio App.3d 49, 51. Further, a "'plaintiff's failure to avoid a known peril is not excused by the fact that he 'did not think,' or 'forgot'.'" *Sneary v. McDonald's Restaurant No. 3830*, 3d Dist. No. 1-2000-13, 2000-Ohio-1885, quoting *Raflo v. Losantiville Country Club* (1973), 34 Ohio St.2d 1, 3. The presence of attendant circumstances, however, may create a genuine issue of fact as to whether a danger is open and obvious. *Frano v. Red Robin Internatl.*, 181 Ohio App.3d 13, 2009-Ohio-685, ¶22. An attendant circumstance is:

**"'a factor that contributes to the fall and is beyond the control of the injured party. \* \* \* The phrase refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. \* \* \* However, '[b]oth circumstances contributing to and those reducing the risk of the defect must be considered.' ' "**

*Williams v. Lowe's of Bellefontaine*, 3d Dist. No. 8-06-25, 2007-Ohio-2045, ¶18, quoting *Benton v. Cracker Barrel Old Country Store, Inc.*, 10th Dist. No. 02AP-1211, 2003-Ohio-2890, ¶17, quoting *Sack v. Skyline Chili, Inc.*, 12th Dist. No. CA 2002-09-101, 2003-Ohio-2226, ¶20, citing *Burstion v. Chong-Hadaway, Inc.*, 10th Dist. No. 99AP-701, 2000 WL 234323.

**{¶29}** Here, nothing in the record supports Lyle's argument that the alleged partial covering of the hole by a cart or table was a factor contributing to her fall and resulting injuries. Lyle stated in her deposition that she had been aware of the hole's presence for almost two years and had, in fact, walked past and observed the hole just minutes before her fall. Additionally, Lyle did not assert that the cart or table obstructed her view of the hole or distracted her in such a way that it prevented her from observing the hole. See *Frano*, 181 Ohio App.3d 13, at ¶¶39-61. See, also, *Miller v. First Internatl. Fid. & Trust Bldg.*, 6th Dist. No. L-08-1187, 2009-Ohio-6677, ¶¶71-72. Consequently, we do not find that the trial court erred by finding that the danger was open and obvious and granting summary judgment to Appellees on Lyle's common law negligence claim.

**{¶30}** Accordingly, we overrule Lyle's third assignment of error.

**{¶31}** Having found error prejudicial to the appellant herein, in the particulars assigned and argued in the first and second assignments of error, but having found no error in the particulars assigned and argued in the third and fourth assignments of error, we reverse the judgment of the trial court granting summary judgment to Appellees on Lyle's claim under statutory negligence, but affirm the judgment of the trial court granting summary judgment to Appellees on Lyle's claim under common law negligence.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**