[Cite as *Starr v. Wagner*, 2013-Ohio-4456.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CINDY STARR, et al., | ) | |
| | ) | CASE NO. 12 JE 13 |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| COLLEEN J. WAGNER, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from Common Pleas
                                 Court, Case No. 10 CV 755.

JUDGMENT:                        Reversed and Remanded.

APPEARANCES:
For Plaintiffs-Appellants:       Attorney Erika Klie Kolenich
                                 Route 4, Box 529
                                 Buckhannon, WV  26201

For Defendants-Appellees:        Attorney Michael Marando
                                 P.O. Box 9070
                                 Youngstown, OH  44513

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                 Dated:  October 4, 2013

DeGenaro, P.J.

{¶1}   Plaintiffs-Appellants, Cindy Starr, et al., appeal the decision of the Jefferson County Court of Common Pleas, granting summary judgment to Defendants-Appellees, Colleen Wagner, et al.  On appeal, Starr raises three arguments: 1) the trial court erred by not considering her response and affidavit which was filed on the date of the hearing; 2) the excluded affidavit created genuine issues of material fact; and, 3) the evidence the trial court did consider created genuine issues of material fact sufficient to defeat summary judgment.

{¶2}   Upon review, Starr's third argument is meritorious and dispositive of the appeal, making her other two arguments moot.  The only evidence the trial court reviewed when deciding Wagner's motion was Starr's deposition which raised genuine issues of material fact sufficient to survive summary judgment.  Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings.

{¶3}   On December 23, 2008, Plaintiff Cindy Starr was involved in two separate automobile accidents involving Wagner and Belinda Stock.  Starr testified in her deposition that she was traveling home at approximately 11:00 p.m.  It was raining and weather conditions were worsening.  Starr stated that she was traveling approximately 15 mph in a 35 mph zone.  About four miles from her home she started up a gradual incline and encountered an automobile, operated by Wagner, stuck in the middle of the road which was traveling in the same direction as her vehicle.  Starr immediately stopped when she saw the vehicle and thereafter lost traction in her car.  She was able to navigate her car to the side of the road.  Wagner attempted to turn her car around but lost control of her vehicle which hit the left side of Starr's car.  Less than ten minutes later, Starr's vehicle was hit by Stock.  Starr filed a complaint against Wagner, Stock and Progressive Specialty Insurance Company, with Wagner filing an Answer and Cross-claim.

{¶4}   On November 4, 2011, Wagner filed a Motion for Summary Judgment, which was set for oral hearing on November 21, 2011.  Counsel for Starr requested, and counsel for Wagner agreed, to continue the hearing, which was reset for Monday, November 28, 2011, at 9:00 a.m.  Pertinent to this appeal, the Jefferson County Courthouse was closed on Friday, November 25, 2011, in addition to being closed for the

Thanksgiving holiday the day before. Thus, the last business day the Clerk of Courts office was open to accept filings before the November 28th hearing was Wednesday, November 23, 2011.

**{¶5}** The hearing commenced on November 28, 2011, at approximately 10:00 a.m., at which time both counsel addressed the trial court on the timing of the service and filing of Starr's brief in opposition to summary judgment. As explanation for filing her response on the date of the hearing and not prior, pursuant to Civ.R. 56 and the Jefferson County Local Rules, counsel for Starr stated that she received the affidavit from Starr's physician on Thanksgiving Day. Her office is located in southern West Virginia and she was worried it would not be received in time for the hearing had she put it in the mail. Counsel for Wagner conceded that he received the response via e-mail about 7:00 p.m. the night before the hearing. He further stated, "Apparently Plaintiff filed a response to my summary judgment. So, I – I have it through e-mail and I reviewed it." Starr filed a response to Wagner's Motion for Summary Judgment and Opposing Affidavit after the hearing at approximately 2:06 p.m.

**{¶6}** On November 30, 2011, the trial court granted summary judgment in favor of Wagner, finding that Starr "did not file any response or opposing affidavits prior to the day of the hearing" further noting that Starr had filed her opposition brief after the hearing had concluded. Thus, the only evidence the trial court relied upon in granting summary judgment was Starr's deposition. On April 12, 2012, a stipulation for dismissal and final judgment entry was entered regarding Stock, who is not a party to this appeal.

**{¶7}** In the sole assignment of error, Starr asserts:

**{¶8}** "The trial court erred in granting Defendant/Appellee's Motion for Summary Judgment and not considering Plaintiff's Affidavit."

**{¶9}** Starr raises three distinct arguments within the sole assignment of error: 1) Dr. Rulli's affidavit should have been considered by the trial court; 2) the affidavit creates a genuine issue of material fact; and 3) in the absence of the affidavit the evidence considered by the trial court created a genuine issue of material fact. Because resolution of the third issue is dispositive of the appeal, the other two issues raised by Starr are

moot, and will not be addressed. *In re Dissolution of Marriage of Kelly*, 7th Dist. Carroll No. 09 CA 863, 2011-Ohio-2642, ¶45, citing App.R. 12(A)(1)(c).

{¶10} An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison,* 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶5. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith,* 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶10. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Id.* at 293.

{¶11} While Wagner conceded in her motion that she failed to exercise due care, she disputed that her negligence was the proximate cause of Starr's injury. The only evidence Wagner relied upon in seeking summary judgment was Starr's deposition testimony.

{¶12} "The rule of proximate cause 'requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act." *Ross v. Nutt*, 177 Ohio St. 113, 114, 203 N.E.2d 118, 120 (1964) quoting *Miller v. Baltimore & Ohio Southwestern RR. Co.*, 78 Ohio St. 309, 325, 85 N.E. 499, 504 (1908). "In order to establish proximate cause, foreseeability must be found. * * * If an injury is the natural and probable consequence of a negligent act and it is such as should have been

foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence." *Mussivand v. David*, 45 Ohio St.3d 314, 321, 544 N.E.2d 265 (1989).

**{¶13}** In her deposition Starr's responses outline the injuries she sustained from the collision with Wagner. Counsel for Stock asked Starr, "Tell me what areas of your body you claim were injured due to the accident you had with Colleen Wagner" and Starr replied, "I have a herniated disk in my upper neck area." When asked if any part of her body was injured due to the impact with Wagner, Starr replied, "just the – I don't know, my back hurts." Stock's counsel further inquired, "* * * have you told me about what areas of your body were injured from the accident with Colleen Wagner" to which Starr replied, "my back" and adding that her upper neck was also injured, all as a result of the accident with Wagner.

**{¶14}** Despite this testimony, the trial court granted Wagner summary judgment finding that "the Plaintiff, in her deposition, somewhat vacillated in answering whether or not she suffered any injuries from the accident involving Defendant Wagner (the first collision/sideswipe) testifying that the contact between the vehicles was "light". " The trial court then quoted this select portion from Starr's deposition:

> " * * *
> Q. And when you were first asked by counsel whether you were injured in that accident, you said you weren't, right? So as you sit here, you really don't think the first accident did anything to you, do you?
> Ms. Kolenich [Starr's counsel]: Object to the form.
> You can answer.
> A. No.
> By Mr. Marando [Wagner's counsel]:
> Q. Right?
> A. Right."

**{¶15}** Based upon this exchange, the trial court determined reasonable minds

could come to but one conclusion, which was adverse to Starr and warranted summary judgment in favor of Wagner. This conclusion is not borne out when Starr's entire deposition testimony, rather than a mere portion, is considered.

**{¶16}** The situation here mirrors two recent cases where the Third District reversed summary judgment because the trial court considered only a portion rather than the entire deposition transcript of the plaintiff, who was the non-moving party in each case, in contravention of Civ.R. 56. *Wood v. Crestwood Assoc., L.L.C.,* 3d Dist. Allen No. 1-09-37, 2010-Ohio-1253, ¶19; *Lyle v. PK Mgt., LLC.*, 3d Dist. Hancock No. 5-09-38, 2010-Ohio-2161, ¶24-25. In *Lyle*, the Third District, analogizing the facts there to those in *Woods,* discussed the non-moving plaintiff's deposition testimony:

> [C]ertain statements Lyle made in her deposition appear to speculate as to the cause of her fall. For example, Lyle stated that she turned around and immediately fell, but that she was not standing in the hole when she turned around, did not take any steps before falling, and did not step into the hole. Additionally, when asked how she knew that she fell in the hole or tripped on the hole, Lyle responded "how else would I fall?" When viewed in isolation, these statements would support the trial court's conclusion that Lyle's evidence of proximate cause was "guesswork" and insufficient to defeat Appellees' motion for summary judgment. However, as emphasized in *Wood,* a court should not view statements in isolation, but should consider the deposition transcript as a whole. Here, Lyle went on to state in her deposition that she "got [her] foot caught somehow or other and [sic] in the tile or whatever it was," did not "know what the heck was there," and "got [her] foot caught in this and [she] went down" (Lyle dep. at p. 45). Further, Lyle stated that "I fell over the hole. I know I fell over the hole from where I was at. I know that" (*id.* at p. 46). Despite her prior speculative statements, we find that these latter statements do not allow us to conclude as a matter of law that her testimony *as a whole* was speculative as to

proximate cause. This is particularly so given the requirement of Civ.R. 56(C) that we view the evidence in a light most favorable to Lyle as the nonmoving party.

*Lyle*, ¶25.

**{¶17}** Appellate courts are always constrained by a cold record as this court has recognized in multiple situations. See, e.g. *Fennell v. City of Columbiana*, 7th Dist. Columbiana No. 09 CO 42, 2010-Ohio-4242, ¶13 (motion for new trial); *State v. Caulton*, 7th Dist. Mahoning No. 09 MA 140, 2011-Ohio-6636, ¶45 (motion to suppress). In a summary judgment setting the trial court, like a court of appeals, is limited by the constraints of a cold record.

> "Like the trial court, we are presented with a cold deposition transcript, not live testimony, and cannot determine whether phrases like "I think I do," which appear throughout Steven's deposition testimony are definitive or equivocal statements by evaluating Steven's vocal inflections or facial gestures. The standard of review, however, alleviates this problem because we must evaluate Steven's testimony in light most favorable to him as the non-moving party. Civ.R. 56(C); *State ex rel. Cassels,* 69 Ohio St.3d at 219, 631 N.E.2d 150."

*Wood,* ¶19.

**{¶18}** The rationale of our sister district in *Wood* and *Lyle* is sound. Both cases reiterated that because a trial court is making a factual determination via summary judgment without the benefit of the usual tools available to a trial court necessary to make credibility determinations, Civ.R. 56 mandates that the facts must be viewed in a light most favorable to the non-moving party to compensate, before determining there is no genuine issue of material fact and judgment is warranted as a matter of law. Thus, Civ.R. 56 mandates construing Starr's entire deposition testimony, not select portions, in a light most favorable to her as the non-moving party. Here, the trial court relied upon a portion

of Starr's deposition testimony in isolation in granting summary judgment in contravention of Civ.R. 56. When Starr's deposition is viewed in its entirety, there remains a genuine issue of material fact as to whether Wagner was the proximate cause of Starr's injuries.

**{¶19}** Accordingly, Starr's third argument in the sole assignment of error is meritorious and dispositive of the appeal, making her other two arguments moot. The only evidence the trial court reviewed when deciding Wagner's motion was Starr's deposition which raised genuine issues of material fact sufficient to survive summary judgment. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings.

Donofrio, J., concurs.

Waite, J., concurs.