[Cite as *Nationstar Mtge., L.L.C. v. Waisanen*, 2017-Ohio-131.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC | C.A. No.    16CA010904 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| BRIAN WAISANEN, et al. | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No.    14CV182370 |

DECISION AND JOURNAL ENTRY

Dated: January 17, 2017

WHITMORE, Judge.

{¶1}    Appellants, Brian and Sarah Waisanen, appeal the order of the Lorain County Court of Common Pleas that granted summary judgment to Appellee, Nationstar Mortgage.  This Court dismisses the appeal with respect to the foreclosure action and the Waisanens' claim to quiet title because they are moot.  With regard to the other counterclaims that the Waisanens have challenged on appeal, this Court reverses in part.

I

{¶2}    The Waisanens defaulted on their home mortgage in 2012, and in 2013, they filed a Chapter 7 bankruptcy petition.  They did not make payments after the petition was filed and, when the bankruptcy court discharged the estate, Nationstar filed a complaint for foreclosure in rem.  The Waisanens pleaded counterclaims for "wrongful foreclosure," trespass, invasion of privacy, civil conspiracy, and violations of the Fair Debt Collection Practices Act (FDCPA) and the Consumer Sales Practices Act (CSPA).  Both parties moved for summary judgment.  The

trial court granted summary judgment to Nationstar on the foreclosure claim and on each of the Waisanens' counterclaims, and the Waisanens filed this appeal. While the appeal was pending, the subject property sold at sheriff's sale. The trial court confirmed the sale and ordered distribution of the proceeds accordingly.

II

## Assignment of Error Number One

THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF [THE WAISANENS] IN GRANTING SUMMARY JUDGMENT FOR [NATIONSTAR] AND AGAINST [THE WAISANENS].

{¶3} The Waisanens' first assignment of error is that the trial court erred by granting summary judgment to Nationstar on its foreclosure claim and on their counterclaims. We agree in part.

{¶4} With respect to the underlying foreclosure claim, the Waisanens have argued that summary judgment was not properly granted because Nationstar did not demonstrate that it was the holder of the note in question. We do not reach the merits of this argument because the appeal is moot with respect to the foreclosure.

{¶5} This Court has consistently held that when a property subject to foreclosure is sold at sheriff's sale and confirmed by the trial court and the proceeds of sale have been distributed, an appeal is moot. *See Bayview Loan Servicing, L.L.C. v. Salem*, 9th Dist. Summit No. 27460, 2015-Ohio-2615, ¶ 7-11, applying *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333. In this case, the subject property sold at sheriff's sale on March 9, 2016. On April 18, 2016, the trial court confirmed the sale and ordered distribution of the proceeds. The Waisanens did not move to stay distribution of the proceeds, and they did not file an appeal of the confirmation order. Accordingly, this appeal is moot with respect to the

underlying foreclosure action and to that extent, the appeal is dismissed. We must also dismiss the Waisanens' appeal with respect to their claim for quiet title on that basis. *See generally Dietl v. Sipka*, 185 Ohio App.3d 218, 2009-Ohio-6225 (11th Dist.) (concluding that an action for quiet title was moot after confirmation of sheriff's sale and distribution of proceeds in a previous foreclosure action).

**{¶6}** The Waisanens have also argued that the trial court erred by granting summary judgment to Nationstar on their counterclaims for violations of the FDCPA and CSPA, for invasion of privacy, and for civil conspiracy. The Waisanens have not challenged the trial court's judgment with respect to their counterclaim for "wrongful foreclosure."[1]

**{¶7}** Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

**{¶8}** The burden of demonstrating that there are no genuine issues of material fact falls to the moving party. *Byrd* at ¶ 10, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 294 (1996). "Once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party 'may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts

---

[1] Ohio courts have not recognized an independent cause of action for wrongful foreclosure, and we need not consider the issue in this case.

showing that there is a genuine issue for trial.'" *Byrd* at ¶ 10, quoting Civ.R. 56(E). When determining a motion for summary judgment, a trial court cannot weigh the parties' evidence but must, instead, construe it in the light most favorable to the nonmoving party. *Stewart v. Urig*, 176 Ohio App.3d 658, 2008-Ohio-3215, ¶ 9-10 (9th Dist.2008), quoting *Harry London Candies, Inc. v Bernie J. Kosar Greeting Card Co.*, 9th Dist. Summit No. 20655, 2002 WL 185305, *3 (Feb. 6, 2002). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps-Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶9} The Waisanens' claims for invasion of privacy and violations of the FDCPA and CSPA involve common facts related to Nationstar's alleged conduct in connection with inspection of the property and its notification or debt collection practices. When the trial court reviewed this evidence in connection with the parties' motions for summary judgment – and particularly with respect to Nationstar's motion for summary judgment – it did not resolve competing inferences and questions of credibility in favor of the nonmoving party, nor did it engage in the analysis contemplated by Civ.R. 56(C) to determine whether there were genuine issues of material fact. Instead, the trial court appears to have engaged in factfinding by comparing competing evidence, evaluating the credibility of witnesses, and assigning weight to the parties' respective exhibits. This included, but was not limited to, for example, the trial court's evaluation of the evidence submitted by the parties regarding Nationstar's communications with the Waisanens after the loan went into default. In that context, the trial court reviewed the parties' differing versions of the summary judgment evidence and noted the

Waisanens' failure to submit additional "corroborating evidence" from Nationstar's records to supplement their own.

{¶10} Relying on this analysis, the trial court concluded that the Waisanens' claims for invasion of privacy, trespass, and violations of the FDCPA and CSPA were "not supported by the submitted evidence." The trial court erred by weighing the evidence in the course of its analysis, and for that reason, we agree that the trial court erred in granting summary judgment to Nationstar on those counterclaims.

{¶11} The trial court also granted summary judgment to Nationstar on the Waisanens' counterclaim for civil conspiracy, concluding that because it had granted summary judgment on each of the tort claims, they could not establish the elements of civil conspiracy. The trial court correctly noted that a claim for civil conspiracy fails in the absence of an underlying unlawful act. *See Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475 (1998). Because we have concluded that the trial court erred in its analysis of the counterclaims that could have formed the basis for the claim for civil conspiracy, we must also conclude that the trial court erred by entering summary judgment as to the civil conspiracy claim.

{¶12} The trial court erred by weighing the evidence in connection with the parties' motions for summary judgment, and the Waisanens' first assignment of error is sustained with respect to their claims for trespass, invasion of privacy, civil conspiracy, and violations of the FDCPA and CSPA on that basis.

**Assignment of Error Number Two**

THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF [THE WAISANENS] IN NOT STRIKING THE AFFIDAVIT OF MR. HYNE BECAUSE IT WAS NOT BASED UPON PERSONAL KNOWLEDGE.

**{¶13}** The Waisanens' second assignment of error argues that the affidavit that Nationstar submitted in support of its motion for summary judgment is not based on personal knowledge.

**{¶14}** Civ.R. 56(E) requires that affidavits submitted to support or oppose a motion for summary judgment must be made on personal knowledge, set forth facts that are admissible in evidence, and affirmatively show that the affiant is competent to testify to the matters set forth therein. "[A] mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004-Ohio-6547, ¶ 13. It is only when "particular averments" in an affidavit undermine the likelihood that the affiant has personal knowledge of the facts that more than a conclusory statement of personal knowledge is required. *Deutsche Bank Natl Trust Co. v. James*, 9th Dist. Summit No. 28156, 2016-Ohio-7950, ¶ 10.

**{¶15}** With respect to the Waisanens' argument that particular statements in Mr. Hyne's affidavit undermine his averment of personal knowledge, we are mindful that the relevant substantive law underlying claims provides the framework for reviewing motions for summary judgment, both with respect to whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Byrd*, 110 Ohio St.3d 24, 2006-Ohio-3455, at ¶ 12. In this case, the trial court considered the Waisanens' arguments about Mr. Hyne's affidavit primarily in the context of determining the merits of the underlying foreclosure action. As noted above, that cause of action is moot. Our resolution of the Waisanens' first assignment of error requires the

trial court to reconsider the parties' motions for summary judgment with respect to the remaining counterclaims in the proper evidentiary framework. Under these circumstances, it would be premature for this Court to determine the admissibility of the affidavit in the first instance.

{¶16} Accordingly, we decline to address the Waisanens' second assignment of error because it is premature.

III

{¶17} The underlying foreclosure action and the Waisanens' counterclaim for quiet title are moot and, consequently, this appeal is dismissed with respect to those causes of action. The Waisanens' first assignment of error is sustained with respect to their counterclaims for invasion of privacy, trespass, violations of the FDCPA and CSPA, and civil conspiracy to the extent described above. The second assignment of error is premature, and this Court declines to address it. The judgment of the Lorain County Court of Common Pleas is reversed in part, and this case is remanded for further proceedings as described herein.

Appeal dismissed in part,
judgment reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
BETH WHITMORE
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

SUSAN M. GRAY, Attorney at Law, for Appellant.

THOMAS C. LOEPP, Attorney at Law, for Appellant.

JOHN B. KOPF, Attorney at Law, for Appellee.