[Cite as *Microdynamics Group, Inc. v. Equity Trust Co.*, 2018-Ohio-5268.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| MICRODYNAMICS GROUP, INC. | | C.A. No.     18CA011275 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| EQUITY TRUST COMPANY | | |
| Appellee | | CASE No.     15CV086079 |

DECISION AND JOURNAL ENTRY

Dated: December 28, 2018

CALLAHAN, Judge.

{¶1}    Appellant, Microdynamics Group., Inc. ("Microdynamics") appeals an order of the Lorain County Court of Common Pleas that granted summary judgment to Equity Trust Company ("Equity Trust").  This Court reverses.

I.

{¶2}    In early 2014, Microdynamics responded to a request for proposals ("RFP") published by Equity Trust related to bulk printing services.  During Equity Trust's consideration of the RFP responses, a project manager from Equity Trust asked Microdynamics if it could respond with a twenty-four hour turnaround to a second RFP related to ad hoc letter generation. Microdynamics provided a partial response to the RFP (as instructed by Equity Trust) by returning a self-evaluation that required Microdynamics to rate its ability to perform twenty-four functions on a scale of one to four.  Microdynamics rated its support level of each function as "[a]bsolute" across the board.  Over the next several months, Equity Trust and Microdynamics

continued to have conversations about both RFPs, and individuals employed by Microdynamics traveled to Equity Trust's headquarters to demonstrate the software that it proposed to use in connection with the ad hoc printing RFP.

{¶3}   In July 2014, Microdynamics and Equity Trust entered into a Master Service Agreement ("the Agreement"), under which Microdynamics agreed to "provide certain imaging, printing, statement processing and electronic statement presentment * * * services" otherwise described in Exhibit A to the agreement.  Exhibit A sets forth a schedule of pricing for various printing, mailing, and technical support services, but neither Exhibit A nor the Agreement describe the services that Microdynamics contracted to provide.  After the parties executed the Agreement, responsibility for the project at Equity Trust transitioned from the project manager who oversaw the RFP and selection processes to a team of individuals responsible for implementing the technical aspects of the Agreement.  On August 22, 2014, Equity Trust provided Microdynamics with a lengthy document that set forth the "Overarching Requirements" for the "[l]etter [g]eneration"—or ad hoc printing—portion of the services ("the Requirements").

{¶4}   When Microdynamics received the Requirements, an internal discussion ensued regarding whether the company could meet Equity Trust's demands.  One specific area of concern was noted by a senior Microdynamics employee, who questioned whether "there is anything in the [Equity Trust] contract that requires us to develop a one-off letter generation solution that is fully integrated with their systems."  On September 10, 2014, a representative of Microdynamics informed representatives of Equity Trust that "The loose requirements discussions that occurred early in the RFP process did not provide enough detail to properly scope and estimate Equity Trust requirements for the ad hoc letter generation application."  In the same email, Microdynamics informed Equity Trust providing the services described in the

Requirements would necessitate an "additional investment" on the part of Equity Trust because "Microdynamics does not currently have such a product that provides all of the functionality requested." With this message, Microdynamics also provided a four-page document containing point-by-point requests for clarification of the Requirements. In response, Equity Trust terminated the Agreement in its entirety.

{¶5} Microdynamics filed an action against Equity Trust alleging that Equity Trust breached the Agreement by unilaterally terminating it without cause. The parties' filed cross-motions for summary judgment. The trial court granted Equity Trust's motion, concluding that although Equity Trust did unilaterally terminate the agreement after the effective date, it "had good cause, and was legally justified in," doing so. Microdynamics filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED IN GRANTING EQUITY TRUST'S MOTION FOR SUMMARY JUDGMENT, AS IT BOTH FAILED TO VIEW THE FACTS AND INFERENCES IN A LIGHT MOST FAVORABLE TO MICRODYNAMICS, AND IT FAILED TO APPLY NECESSARY CASE LAW.

{¶6} Microdynamics' first assignment of error argues that the trial court erred by improperly weighing the evidence submitted in support of the parties' motion for summary judgment, by failing to construe the evidence most strongly in favor of the nonmoving party, and by incorrectly determining that Equity Trust was entitled to judgment as a matter of law. This Court agrees.

{¶7} This Court reviews an order granting summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude

that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. The substantive law underlying the claims provides the framework for reviewing motions for summary judgment, both with respect to whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Burkes v. Stidham*, 107 Ohio App.3d 363, 371 (8th Dist.1995).

{¶8} The burden of demonstrating that there are no genuine issues of material fact falls to the moving party. *Byrd* at ¶ 10, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 294 (1996). "Once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party 'may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.'" *Byrd* at ¶ 10, quoting Civ.R. 56(E). When determining a motion for summary judgment, a trial court cannot weigh the parties' evidence; instead, it must construe the evidence in the light most favorable to the nonmoving party. *Stewart v. Urig*, 176 Ohio App.3d 658, 2008-Ohio-3215, ¶ 10 (9th Dist.2008), quoting *Harry London Candies, Inc. v Bernie J. Kosar Greeting Card Co.*, 9th Dist. Summit No. 20655, 2002 WL 185305, *3 (Feb. 6, 2002). "A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor." *Nationstar Mtge., LLC v. Waisenan*, 9th Dist. Lorain No. 16CA010904, 2017-Ohio-131, ¶ 8, citing *Perez v. Scripps-Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶9} When the trial court reviewed the evidence in connection with the parties' motions for summary judgment—and, specifically, Equity Trust's motion for summary

judgment—it neither resolved competing inferences and questions of credibility in favor of Microdynamics nor engaged in the analysis contemplated by Civ.R. 56(C) to determine whether there were genuine issues of material fact.

{¶10} The parties' arguments center around one issue: whether Equity Trust's contract expectations as expressed in the Requirements, dated August 22, 2014, were materially different from the ad hoc letter generation RFP. In this respect, it is significant to note that this RFP is not included in the record, either as an exhibit to the motion for summary judgment or as a deposition exhibit. Microdynamics' response to the RFP is in the record, but the deposition testimony demonstrates that the two documents are not coextensive.

{¶11} Without the ability to compare the RFP and the Requirements, this Court is left to consider whether summary judgment was properly granted based on the evidence that is in the record. In that respect, it appears that the trial court "engaged in factfinding by comparing competing evidence, evaluating the credibility of witnesses, and assigning weight to the parties' respective exhibits." *See Waisenan*, 2017-Ohio-131 at ¶ 9. Specifically, the deposition testimony submitted in support of the summary judgment pleadings included consistent testimony from representatives of Microdynamics who identified a difference between the RFP and the Requirements that created an impediment to performance of the Agreement as contemplated. When considering Microdynamics' argument in this respect, however, the trial court concluded "parenthetically" that the argument was "rejected."

{¶12} The trial court's decision does not give any consideration to this consistent deposition testimony. Instead, the decision concludes that "there is a dearth of evidence in the record to support the proposition that Equity Trust changed *anything* regarding their expectations between the time that [the RFP] was signed and the day they terminated [the Agreement]."

(Emphasis in original.) Instead of construing the evidence in the light most favorable to Microdynamics as the nonmoving party, the trial court appears to have disregarded this evidence entirely upon a determination that it was not credible and to have chosen to resolve competing inferences in favor of the moving party.

{¶13} The trial court therefore erred by weighing the evidence submitted in support of the parties' summary judgment filings, and Microdynamics' first assignment of error is sustained on that basis.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED IN DENYING MICRODYNAMICS' MOTION FOR SUMMARY JUDGMENT BECAUSE IT FAILED TO REVIEW AND IT MISUNDERSTOOD THE EVIDENCE PRESENTED BEFORE IT.

{¶14} Microdynamics' second assignment of error is that the trial court erred by denying its motion for summary judgment. In view of this Court's resolution of Microdynamics' first assignment of error, this assignment of error is premature.

### III.

{¶15} Microdynamics' first assignment of error is sustained. The second assignment of error is premature. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CONCURS.

TEODOSIO, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JOHN P. SUSANY and KATHLEEN A. HAHNER, Attorneys at Law, for Appellant.

JOHN ALTEN and MICHAEL HOENIG, Attorneys at Law, for Appellee.