[Cite as *Pearson v. Alpha Phi Alpha Homes, Inc.*, 2019-Ohio-960.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

DOROTHY PEARSON

    Appellant

    v.

ALPHA PHI ALPHA HOMES, INC., et al.

    Appellees

C.A. No.    29026

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2016-05-2183

DECISION AND JOURNAL ENTRY

Dated: March 20, 2019

CALLAHAN, Judge.

{¶1} Appellant, Dorothy Pearson, appeals from the judgment of the Summit County Common Pleas Court in favor of Appellees, Alpha Phi Alpha Homes, Inc. and E.T.L. Housing Corporation ("the Landlord"). For the reasons set forth below, this Court reverses.

I.

{¶2} The Landlord owns and maintains a multi-unit apartment building that was constructed in 1981. Ms. Pearson has been a tenant in this apartment building since 1991. In May 2014, Ms. Pearson was walking with another tenant from the rear of the building to the parking lot on a downward sloping, paved walkway when she tripped and fell, injuring herself.

{¶3} Ms. Pearson filed a complaint against the Landlord for common law negligence, negligence per se, and breach of contract. After conducting fact discovery and identifying experts, the Landlord filed a motion for summary judgment as to all of Ms. Pearson's claims. Ms. Pearson, however, only opposed the Landlord's motion for summary judgment as to the

negligence per se claim. The trial court granted summary judgment in favor of the Landlord as to all of the claims.

{¶4} Ms. Pearson timely appeals from this judgment entry, asserting two assignments of error regarding the negligence per se claim.[1] This Court will consider Ms. Pearson's assignments of error together as they present related issues.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING [THE LANDLORD'S] MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF WHETHER THE RECORD CONTAINED ANY EVIDENCE THE LANDLORD HAD CONSTRUCTIVE NOTICE OF THE HAZARDOU[]S CONDITION WHICH CAUSED [MS. PEARSON'S] FALL[.]

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN HOLDING NO EVIDENCE EXISTED IN THE RECORD TO CREATE A GENUINE ISSUE OF MATERIAL FACT ON THE ISSUE OF PROXIMATE CAUSE[.]

{¶5} Ms. Pearson asserts that the trial court erred in granting summary judgment on the negligence per se claim for two reasons. First, the trial court improperly weighed her expert's affidavit filed in opposition to the Landlord's summary judgment motion and concluded that there was no genuine issue of material fact as to the Landlord's notice, actual or constructive, of the dangerous condition of the walkway. Second, the trial court failed to consider the entirety of Ms. Pearson's deposition transcript and to construe all reasonable inferences in her favor when it concluded that there was no genuine issue of material fact as to the element of proximate cause.

---

[1] While the Landlord presents arguments for the affirmance of summary judgment as to all three claims, Ms. Pearson has only challenged the judgment as to her negligence per se claim. Thus, we will limit our review accordingly.

This Court agrees that the trial court improperly weighed the evidence of Ms. Pearson's expert's report and failed to construe all of the evidence in a light most favorable to Ms. Pearson.

{¶6} This Court reviews an order granting summary judgment de novo. *See Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24, citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Additionally, questions regarding whether an affidavit satisfies Civ.R. 56(E) are reviewed de novo. *See Hall v. Fairmont Homes, Inc.*, 105 Ohio App.3d 424, 434 (4th Dist.1995).

{¶7} Summary judgment is proper under Civ.R. 56(C) when: (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶8} Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once the moving party satisfies this burden, the nonmoving party has a "reciprocal burden" to "'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E).

{¶9} Summary judgment proceedings prohibit the trial court from weighing the evidence and limit the trial court to construing the evidence in the light most favorable to the nonmoving party. *Nationstar Mtge., LLC v. Waisanen*, 9th Dist. Lorain No. 16CA010904, 2017-Ohio-131, ¶ 8, citing *Stewart v. Urig*, 176 Ohio App.3d 658, 2008-Ohio-3215, ¶ 9-10 (9th Dist.),

quoting *Harry London Candies, Inc. v. Bernie J. Kosar Greeting Card Co.*, 9th Dist. Summit No. 20655, 2002 WL 185305, *3 (Feb. 6, 2002). "A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor." *Waisanen* at ¶ 8, citing *Perez v. Scripps-Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

**Ms. Pearson's Expert's Affidavit**

{¶10} Ohio Revised Code Chapter 5321 codifies Ohio's Landlord-Tenant Act. Ms. Pearson asserts that the Landlord violated the following provisions of Ohio's Landlord-Tenant Act and was negligent per se:

(A)     A landlord who is a party to a rental agreement shall do all of the following:

(1)     Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety; [and]

* * *

(3)     Keep all common areas of the premises in a safe and sanitary condition * * *.

R.C. 5321.04(A)(1) and (3). Violations of R.C. 5321.04(A)(1) and (A)(3) by a landlord constitute negligence per se. *Sikora v. Wenzel*, 88 Ohio St.3d 493 (2000), syllabus; *Mann v. Northgate Investors, L.L.C.*, 138 Ohio St.3d 175, 2014-Ohio-455, ¶ 33. However, "a landlord will be excused from liability under [this statute] if he neither knew nor should have known of the factual circumstances that caused the violation." *Sikora* at syllabus.

{¶11} "Expert affidavits offered in support of or in opposition to summary judgment must comply with Civ.R. 56(E) as well as with Evid.R. 702 through 705 in order for a court to consider them in a summary judgment motion." *Ohio Turnpike Comm. v. Spellman Outdoor Advertising Servs., LLC*, 6th Dist. Erie No. E-09-038, 2010-Ohio-1705, ¶ 14. Civ.R. 56(E)

requires that an affidavit supporting or opposing summary judgment (1) be made on personal knowledge, (2) set forth facts which would be admissible in evidence, and (3) affirmatively show the affiant to be competent to testify to the matters stated. Additionally, "the proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C)," such as an expert report, "is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." *Skidmore & Assocs. Co., L.P.A. v. Southerland*, 89 Ohio App.3d 177, 179 (9th Dist.1993); *Gabriel v. The Ohio State Univ. Med. Ctr.*, 10th Dist. Franklin No. 14AP-870, 2015-Ohio-2661, ¶ 23. *See, e.g., Toth v. United States Steel Corp.*, 9th Dist. Lorain No. 10CA009895, 2012-Ohio-1390, ¶ 12.

{¶12} An expert affidavit may be used to determine the merits of a summary judgment motion, as long as the affidavit sets forth the expert's credentials and the facts or data that support the expert's opinion which would be admissible into evidence. *See Copper v. Brass Sales, Inc. v. Plating Resources, Inc.*, 9th Dist. Summit No. 15563, 1992 WL 368497, *5 (Dec. 9, 1992); *Cheriki v. Black River Industries, Inc.*, 9th Dist. Lorain No. 07CA009230, 2008-Ohio-2602, ¶ 9. *See also* Evid.R. 703 ("The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by the expert or admitted in evidence at the hearing.") and Evid.R. 705 (expert must give his reasons for the opinion and disclose the underlying facts or data). "[E]xpert testimony is admissible in the form of an opinion to aid the court" in summary judgment proceedings. *Copper* at *5, citing Evid.R. 702.

{¶13} In opposition to the Landlord's summary judgment motion, Ms. Pearson submitted the affidavit of her expert, Mr. Zimmerman, which incorporated his written report containing opinions regarding the Landlord's notice in this matter. The trial court concluded that because Mr. Zimmerman did not indicate that he "reviewed the deposition transcripts in

evidence[,] * * * his statement concerning [the Landlord's] notice or knowledge [was] speculative and not based on record evidence." Such a conclusion relates directly to the weight and credibility of the expert's testimony. *See Victor v. Big Sky Energy, Inc.*, 11th Dist. Ashtabula No. 2017-A-0045, 2018-Ohio-4666, ¶ 36 (arguments that an expert should have reviewed certain records concern the weight and credibility of the expert's testimony and not its admissibility).

{¶14} The trial court is correct that Mr. Zimmerman did not review and have the benefit of the depositions of the property manager and Ms. Pearson when rendering his opinion. This is because his opinion was written almost three years prior to the taking of these depositions. Contrary to the trial court's implication, there was no requirement that Mr. Zimmerman review the depositions and supplement his report because "Civ.R. 56(E) does not require an expert to review 'all' existing evidence before rendering an opinion." *See Frederick v. Vinton County Bd. of Edn.*, 4th Dist. Vinton No. 03CA579, 2004-Ohio-550, ¶ 26. Instead, an expert's opinion must be based upon admissible evidence. *Id.*

{¶15} While Mr. Zimmerman did not base his expert opinions upon the deposition testimony, he nonetheless set forth facts that were in the record, upon which he based his conclusions regarding the Landlord's notice. Mr. Zimmerman's affidavit averred that he was retained as an expert on behalf of Ms. Pearson and he had personal knowledge of these matters. Additionally, the affidavit attached and incorporated Mr. Zimmerman's November 6, 2014 preliminary report and averred that the opinions therein were true and accurate and as if sworn testimony under oath. *See* Civ.R. 56(E). Included within Mr. Zimmerman's report were his curriculum vitae and photographs of the walkway and his slope measurements taken during his site inspection on October 7, 2014.

{¶16} Based upon a review of Mr. Zimmerman's affidavit and incorporated expert report, this Court concludes that he set forth the facts which formed the basis of his opinion regarding the Landlord's notice. The facts stated were "perceived by [Mr. Zimmerman]" during his site inspection. *See* Evid.R. 703. Moreover, the facts Mr. Zimmerman relied upon were "record evidence" in light of the submission of his affidavit and incorporated expert report filed in opposition to the summary judgment motion. *See* Civ.R. 56(E).

{¶17} In light of the foregoing, the trial court improperly weighed the evidence as to the issue of the Landlord's notice when it disregarded Mr. Zimmerman's expert report and labeled the opinion as being speculative.

**Ms. Pearson's Deposition Transcript**

{¶18} Evidence of a violation of a negligence per se statute only establishes a breach of duty, and not liability per se. *Sikora*, 88 Ohio St.3d at 496. Thus, it is necessary for the plaintiff to also prove proximate cause and damages in a negligence per se claim. *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, ¶ 23, quoting *Sikora* at 496; *Shroades v. Rental Homes, Inc.*, 68 Ohio St.2d 20, 25 (1981). In order to survive summary judgment, the plaintiff needs to present evidence, either personally or via another witness, that "identif[ies] or explain[s] the reason for the fall." *Stamper v. Middletown Hosp. Assn.*, 65 Ohio App.3d 65, 67-68 (12th Dist.1989), citing *Cleveland Athletic Assn. Co. v. Bending*, 129 Ohio St. 152, 154-155 (1934); *Mines v. Russo's Stop & Shop*, 8th Dist. Cuyahoga No. 55073, 1989 WL 253888, *2 (Feb. 23, 1989); and *Smith v. Reschs Bakery*, 10th Dist. Franklin No. 87 AP-897, 1987 WL 27806, *2 (Dec. 10, 1987).

{¶19} In this matter, the Landlord attached excerpts of Ms. Pearson's deposition testimony to the summary judgment motion and separately filed the entire transcript. As to the element of proximate cause, Ms. Pearson argues that the trial court only considered a single

excerpt from her testimony and did not consider the context of the question and the full transcript.

{¶20} The trial court must review and consider the entire transcript, not just excerpts or isolated statements when determining whether a plaintiff has set forth evidence of proximate cause. *Lyle v. PK Mgt., LLC*, 3d Dist. Hancock No. 5-09-38, 2010-Ohio-2161, ¶ 24-25, citing *Wood v. Crestwood Assocs., LLC*, 3d Dist. Allen No. 1-09-37, 2010-Ohio-1253, ¶ 19. *See Starr v. Wagner*, 7th Dist. Jefferson No. 12 JE 13, 2013-Ohio-4456, ¶ 18. When a court fails to consider the deponent's answers in context of the entire transcript, the trial court fails to construe the evidence in the light most favorable to the nonmoving party. *See Lyle* at ¶ 24-25, citing *Wood* at ¶ 19; *Starr* at ¶ 18.

{¶21} Upon review of Ms. Pearson's deposition transcript, there were multiple questions regarding causation and varying responses by Ms. Pearson as to how and why she fell. Ms. Pearson initially stated she did not know why she fell, but then clarified that she "got caught in that little hump" and "that [it] was such a step" that she "fell forward." In its proximate cause analysis under the negligence per se claim the trial court referenced the snippet of Ms. Pearson's testimony "that she did not know what caused her fall * * *."

{¶22} A comparison of Ms. Pearson's deposition transcript and the trial court's references to Ms. Pearson's testimony reflects that such testimony was taken out of context of her full answers and the full line of proximate causation questioning. By doing so, the trial court improperly considered Ms. Pearson's statements in isolation of one another, as opposed to their context in the entire transcript. By picking which portions of her testimony to rely upon, the trial court weighed the credibility of Ms. Pearson's testimony. Thereby, the trial court failed to

evaluate Ms. Pearson's testimony regarding causation in the light most favorable to her as the nonmoving party.

**Conclusion**

{¶23} Ms. Pearson's first and second assignments of error are sustained on the basis that the trial court applied the wrong standard of review in reviewing the summary judgment evidence. The trial court improperly weighed Ms. Pearson's expert's report and failed to construe the evidence in the light most favorable to Ms. Pearson. Ms. Pearson's arguments regarding the existence of a genuine issue of material fact as to the issues of the Landlord's notice and proximate cause are premature. *See Microdynamics Group, Inc. v. Equity Trust Co.*, 9th Dist. Lorain No. 18CA011275, 2018-Ohio-5268, ¶ 13-14.

III.

{¶24} Ms. Pearson's assignments of error are sustained in part and premature in part. The judgment of the Summit County Common Pleas Court is reversed as to Ms. Pearson's negligence per se claim, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

KIMBERLY C. YOUNG and MICHAEL L. EISNER, Attorneys at Law, for Appellant.

DENNIS M. PILAWA, Attorney at Law, for Appellees.