[Cite as *Bradshaw v. N. Union*, 2025-Ohio-788.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

JANELLE BRADSHAW,

    PLAINTIFF-APPELLANT,

  v.

NORTH UNION LOCAL SCHOOL
DISTRICT BOARD OF EDUCATION,

    DEFENDANT-APPELLEE.

CASE NO. 14-24-37

O P I N I O N

Appeal from Union County Common Pleas Court
General Division
Trial Court No. 2023-CV-0109

**Judgment Affirmed**

**Date of Decision: March 10, 2025**

APPEARANCES:

    *Paul Giorgianni* **for Appellant**

    *Douglas P. Holthus* **for Appellee**

**WALDICK, P.J.**

{¶1} Plaintiff-appellant, Janelle Bradshaw ("Bradshaw"), brings this appeal from the August 5, 2024 judgment of the Union County Common Pleas Court. On appeal, Bradshaw argues that the trial court erred by granting summary judgment to defendant-appellee, North Union Local School District Board of Education ("North Union"). For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} The critical facts in this case are not in dispute. On January 29, 2021, Bradshaw attended her son's basketball game in the North Union gymnasium.[1] Bradshaw approached the bleachers in the gym and climbed them to secure a seat rather than using the stairs because people were coming down the stairs at the time. Later, while players were warming-up for the game, Bradshaw decided to go to the concession stand.

{¶3} Bradshaw descended the stairs of the bleachers carrying some trash in her right hand and her wallet in her left hand. There was a trash can at the bottom of the bleachers underneath a small hand-rail. Bradshaw threw her trash into the

---

[1] Bradshaw had never been to North Union before.

trash can then stepped off the bleachers without using the hand-rail. Bradshaw fell, injuring her ankles.[2]

{¶4} The final step from the bleachers to the floor was over ten inches, and it is undisputed that the step was significantly larger than the steps on the rest of the bleachers. Submitted evidence revealed that there was a detachable step for the bottom of the bleachers that was not present and had not been utilized by North Union since the bleachers were installed.[3]

{¶5} Bradshaw subsequently filed a complaint against North Union alleging, *inter alia*, negligence.[4] North Union filed an answer asserting numerous affirmative defenses including sovereign immunity.

{¶6} Following discovery, North Union filed a motion for summary judgment arguing that it was immune from liability as a political subdivision, and that, in any event, any hazard was open and obvious, precluding recovery. Bradshaw filed a response contending that there were genuine issues of material fact that should preclude summary judgment.

{¶7} On August 5, 2024, the trial court filed a judgment entry granting North Union's motion for summary judgment. In its entry, the trial court first determined

---

[2] The fall was video recorded and it is contained in the record.

[3] Deposition testimony indicated that a decision had been made not to use the detachable step because the step was too close to the basketball court, endangering player safety.

[4] The complaint was filed against several parties but the other parties were dismissed with prejudice prior to the trial court's final judgment. As North Union is the only defendant relevant to this appeal, we will only address the lawsuit regarding North Union.

that there were genuine issues of material fact with regard to whether Bradshaw could establish any exceptions to sovereign immunity[5]; however, the trial court determined that "the potential hazards of [a] large final step down from the bleachers was open and obvious and that the attendant circumstances did not lessen the open and obvious nature." (Doc. No. 75). It is from this judgment that Bradshaw appeals, asserting the following assignments of error for our review.

## First Assignment of Error

**The trial court erred by ruling that the hazard that befell Plaintiff Bradshaw was "open and obvious" such that North Union owed its invitees no duty of care with respect to the hazard.**

## Second Assignment of Error

**The trial court erred by granting summary judgment.**

### *First Assignment of Error*

{¶8} In her first assignment of error, Bradshaw argues that the trial court erred by determining that the bottom step from the bleachers to the gym floor was an open and obvious hazard such that no duty of care was owed to Bradshaw with respect to the hazard.

---

[5] North Union did not file a cross-appeal on the issue of sovereign immunity.

Standard of Review

**{¶9}** Appellate courts conduct a de novo review of trial court decisions granting a motion for summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Thus, this Court must conduct an independent review of the evidence and arguments that were before the trial court without deference to the trial court's decision. *Tharp v. Whirlpool Corp.*, 2018-Ohio-1344, ¶ 23 (3d Dist.).

Civ.R. 56(C) provides, in relevant part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

**{¶10}** "When seeking summary judgment on grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims." *Lundeen v. Graff*, 2015–Ohio–4462, ¶ 11 (10th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial." *Id.*, citing *Dresher* at 293.

**{¶11}** "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party."

*Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 604 (1992). "Nevertheless, summary judgment is appropriate where a plaintiff fails to produce evidence supporting the essentials of [her] claim." *Id.*, citing *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108 (1991), paragraph three of the syllabus.

Relevant Authority

**{¶12}** In order to establish negligence, a party "must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285 (1981). "However, under the common law theory [of negligence], the open and obvious doctrine would apply and defeat a negligence claim." *Rader v. RLJ Mgt. Co.*, 2024-Ohio-391, ¶ 16 (3d Dist.).

**{¶13}** Generally, "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co., Inc.*, 2003-Ohio-2573, syllabus. "[T]he owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992). Thus, when a plaintiff is injured by an open and obvious danger, summary judgment is usually appropriate because the duty of care necessary to establish negligence does not exist as a matter of law. *Armstrong* at ¶ 14–15.

{¶14} "In general, '[o]pen-and-obvious dangers are those not hidden, concealed from view, or undiscoverable upon ordinary inspection.' " *Shipman v. Papa John's*, 2014-Ohio-5092, ¶ 22 (3d Dist.), quoting *Thompson v. Ohio State Univ. Physicians, Inc.*, 2011-Ohio-2270, ¶ 12 (10th Dist.). "However, an individual 'does not need to observe the dangerous condition for it to be an "open-and-obvious" condition under the law; rather, the determinative issue is whether the condition is observable.' " *Id.*, quoting *Thompson* at ¶ 12. "Thus, '[e]ven in cases where the plaintiff did not actually notice the condition until after he or she fell, [courts have] found no duty where the plaintiff could have seen the condition if he or she had looked.' " *Id.*, quoting *Thompson* at ¶ 12. The rationale underlying the doctrine is that the open and obvious nature of the hazard itself serves as a warning. *Williams v. Lowe's of Bellefontaine*, 2007-Ohio-2045, ¶ 9 (3d Dist.). In most situations, whether a danger is open and obvious presents a question of law. *Coldren v. Northview Shopping Plaza, LLC*, 2023-Ohio-1703, ¶ 19-20 (3d Dist.).

{¶15} Nevertheless, even if a danger is open and obvious, "[t]he presence of attendant circumstances . . . may create a genuine issue of fact as to whether a danger is open and obvious." *Lyle v. Pk Mgt, LLC*, 2010-Ohio-2161, ¶ 28 (3d Dist.). An "attendant circumstance" is a factor that contributes to a fall that is beyond the control of the injured party. *Id*. The phrase refers to all facts relating to the event, including time, place, surroundings or background and the conditions normally

existing that would unreasonably increase the normal risk of a harmful result of the event. *Id*. Importantly, to serve as an exception to the open and obvious doctrine, an attendant circumstance must be so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care of an ordinary person. *Coldren v. Northview Shopping Plaza, LLC*, 2014-Ohio-5092, ¶ 30 (3d Dist.).

Analysis

**{¶16}** After reviewing the evidence, the trial court determined that the hazard presented by the larger final step from the bleachers to the gym floor was open and obvious as a matter of law. In making its finding, the trial court reasoned as follows:

> No evidence was presented to establish that the lack of an additional step at the base of the bleachers was concealed. The parties both note the placement of a trashcan on the final step of the bleachers; however, [they] do not aver that it blocked the final step or obstructed the view of the final step. The fact that the last step was therefore over ten inches in height and significantly larger than the other bleachers stairs was also not concealed. Ordinary inspection of the final step would reveal that it was a large step. The evidence suggests that the final step off the bleachers was approximately twice as large as the other bleacher steps. Bradshaw looked at the steps as she descended the bleachers until she looked away to throw her trash into the trashcan.

(Doc. No. 75).

**{¶17}** We agree with the trial court that the final step of the bleachers was not concealed and it was open and obvious that it was a larger step than the others on the bleachers. *See Souther v. Preble Cty. Library, W. Elkton Branch*, 2006-Ohio-

1893, ¶¶ 38-39 (12th Dist.). The additional distance from the step down would have been readily discernable by a reasonable pedestrian using reasonable care.

{¶18} However, this does not end our analysis because Bradshaw argues that attendant circumstances rendered the situation such that the increased distance from the step to the gym floor was not open and obvious. In fact, Bradshaw asserts that there were multiple attendant circumstances in this case.

{¶19} The trial court addressed Bradshaw's arguments related to attendant circumstances and rejected them as well, reasoning as follows:

> There is no evidence set forth herein that the crowd was abnormally large or disruptive. There is no evidence set forth that the basketball players, cheerleaders or coaches were operating in any unusual or abnormal manner. There is no evidence of poor lighting or unusual noises at the time of the incident. The only distractions identified by Bradshaw were (1) that she was carrying her wallet and a piece of trash; (2) that she threw the trash into the trashcan located on the top of the bottom step of the bleachers; and (3) the other patrons of the basketball game. The first and third distraction identified by Bradshaw were not so abnormal that it would increase the risk or reduce the care of an ordinary person. Further those distractions were not created by the property owner. The final distraction of the trashcan positioning was created by the property owner; however, the mere placement of the trashcan is not so abnormal that it would reduce the degree of care of an ordinary person. Given that there is no evidence that the placement of the trashcan obstructed Bradshaw's view of the steps, it did not unreasonably increase the risk of harmful result.

(Doc. No. 75).

**{¶20}** Bradshaw renews her argument on appeal that attendant circumstances rendered the hazard such that it was not open and obvious. In addition to the attendant circumstances she argued to the trial court, she now argues other attendant circumstances existed such as the "Users of the stairway faced a landing area that was unreasonably small." She also argues that players and a basketball were "darting toward Bradshaw as she took her last step."

**{¶21}** What Bradshaw ignores in her arguments related to attendant circumstances is that for attendant circumstances to negate the application of the open and obvious doctrine, the circumstances must be present *and* they must create "'a greater than normal and hence *substantial*, risk of injury." (Emphasis added.) *Nicoll v. Centerville*, 2018-Ohio-36, ¶ 17 (2d Dist); *Coldren v. Northview Shopping Plaza*, 2023-Ohio-1703, (3d Dist.) (stating an attendant circumstance must be so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise). A trashcan placed under a railing and basketball players warming-up on the court do not create a *substantial* risk of injury. Further, they would not reduce the degree of care an ordinary person would exercise in such a situation.

**{¶22}** Simply put, "attendant circumstances do not include regularly encountered, ordinary, or common circumstances." *Id*. Although Bradshaw "was not required to be constantly looking downward while she walked" the evidence

established that a reasonable person would have been able to discover the hazard posed descending the final step to the gym floor. *Id.* at ¶ 21. In other words, irrespective of whether Bradshaw perceived the step, it was observable upon reasonable inspection. *Souther v. Preble Cty. Library*, 2006-Ohio-1893, ¶ 39 (12th Dist.). For all of these reasons, Bradshaw's first assignment of error is overruled.

*Second Assignment of Error*

**{¶23}** In her second assignment of error, Bradshaw contends that the other arguments North Union made *to the trial court* in support of its motion for summary judgment should be denied by this Court.

**{¶24}** Essentially, Bradshaw seeks an advisory opinion regarding issues that are not determinative of this appeal. For example, Bradshaw argues in her second assignment of error that political subdivision immunity should not be applied in this case. However, political subdivision immunity was not, in fact, applied in this case as the trial court stated there were genuine issues of material fact on that issue. The trial court resolved the case as a matter of law under the open and obvious doctrine. Any ruling that we provided on the issue of political subdivision immunity, or any of the other arguments made by North Union in support of summary judgment that were not addressed by the trial court, are not relevant to the outcome of this appeal and would only be advisory in nature. *State ex rel. White v. Kilbane Koch*, 2002-Ohio-4848, ¶ 18. Therefore, Bradshaw's second assignment of error is overruled.

*Conclusion*

**{¶25}** Having found no error prejudicial to Bradshaw in the particulars assigned and argued, her assignments of error are overruled and the judgment of the Union County Common Pleas Court is affirmed.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlm**